ALEXANDER BROTHERS, PLAINTIFFS IN ERROR, V. JOSEPH GRAVES, DEFENDANT IN ERROR.

Chattel Mortgage: FICTITIOUS NAME: SALE OF PROPERTY BY MORTGAGOR UNDER ANOTHER NAME. A purchased certain personal property from B on time, and for the purpose of securing the purchase price executed a chattel mortgage on the property purchased. The purchase was made and the chattel mortgage executed under an assumed and fictitious name. The parties to the transaction being unacquainted, the vendor supposed the name given was the true name of the purchaser. The purchaser stated that his residence was in Webster county, which was correct, and the mortgage was duly filed in the proper office in that county. Subsequent to the filing of the mortgage A sold the property to C, under his true name, after C had examined the records for chattel mortgages executed by A, and finding none. In an action of replevin by B against C for the possession of the mortgaged property, *It was Held*, That B should recover judgment.

ERROR to the district court for Webster county.    Tried below before GASLIN, J.

*Kaley Bros.* and *Batty & Casto,* for plaintiffs in error, cited: *Ahlman v. Meyer & Schurman,* 19 Neb., 68.    *Marseilles Mnfg. Co. v. Morgan,* 4 Neb., 69.    *Nelson v. Geary,* 15 Neb., 535.    *Blystone v. Burgett,* 10 Ind., 28.    Wells on Replevin, Secs. 223–312.    *Smith & Co. v. McLean,* 24 Iowa, 329.    *Jordan v. Hamilton County Bank,* 11 Neb., 501.

*J. S. Gilham,* for defendant in error, cited: *Wooster v. Lyons,* 5 Blackf. (Ind.), 60.    *Leaphardt v. Sloan,* Id., 278.    Addison Contracts, Sec. 40.

REESE, CH. J.

This case was tried upon a stipulation of facts, in connection with the deposition of one witness, and copies of certain notes and a chattel mortgage.    The facts as agreed upon were, substantially, that on the 6th day of November, 1885, plaintiffs were engaged in the business of buying and selling horses and mules, at Hastings, in this state; that on that day a man came to their barn and gave his name as Albert McCoyl, representing that he resided in and was engaged in farming on the northwest quarter of section sixteen, township four, range 10, Webster county, near the town of Cowles; that he desired to purchase a span of horses, and gave plaintiffs the names of two or three parties whom he said knew him, and went with plaintiffs to see them, but they were not in their places of business at the time the plaintiffs and purchaser were there.    Plaintiffs finally concluding that it would be safe to sell him the team, closed the contract at $260, $200 of which was represented by a promissory note due on the 1st day of November, 1886, the remain-

ing $60 by a promissory note maturing on the 1st day of March, 1886. The mortgage was given on "one dark iron gray mare, about six years old, about fifteen and a half hands high, one spotted mare, about five years old, about fifteen and a half hands high, bought of Alexander Brothers, this day; one bay horse, about five years old, about sixteen hands high; one set of double farm harness; one Studebaker Manft. farm wagon, almost new; one red cow, about seven years old, owned by said mortgagor, free from all liens and now in my possession, on north-west corner Sec. 16, T. 4, R. 8, Webster county."

This sale was made on Friday. Soon after the execution and delivery of the promissory notes and mortgage, plaintiffs forwarded the mortgage to the county clerk of Webster county, with instructions to file the same of record. The mortgage was received by the clerk at nine o'clock on Monday morning, and filed at fifteen minutes thereafter. The property being delivered to the purchaser at the time of the sale, he started toward Cowles, Webster county, the same evening, and arrived there sometime Sunday evening, the 8th, and on Monday morning he went to Red Cloud, arriving there about eleven o'clock in the forenoon, and after trying to obtain a loan on the spotted mare from several parties, he approached the defendant for that purpose. About two o'clock of that day, defendant having examined the county records, purchased the property in dispute, paying the principal portion of the purchase price in cash. The person from whom he purchased gave the name of Davis, which was his real name, the name McCoyl, assumed at the time of the purchase of the property from plaintiffs, being fictitious. Within a very short time after the sale of the property by plaintiffs, they learned of the purchase thereof by defendant, when this suit was instituted.

The deposition referred to in the stipulations of facts is that of George Davis, *alias* Albert McCoyl, who, at the

time of the taking of the deposition, was in custody and detained in the county jail of Buffalo county for safe keeping. In this deposition he testifies to substantially the same facts as stated above. He bought the property of plaintiffs, under the name of McCoyl, executing the mortgage thereon, and sold it to defendant under the name of Davis, his true name, after the mortgage was filed. Upon a trial, the district court found in favor of defendant. Judgment being rendered upon such finding, plaintiffs bring the case to this court by proceedings in error.

The case presents some rather new features, and no case in point is presented by the brief upon either side, and we are unable to find any such case. There is no doubt but that the execution of a chattel mortgage vests the title in the mortgagee. *Adams v. National Bank*, 4 Neb., 373. *Marseilles Mfg. Company v. Morgan*, 12 Id., 69.

It would seem that the sale and delivery of the property to Davis, under the assumed name of McCoyl, transferred the title of the property to him, which was immediately transferred back by the mortgage. The mortgage was valid. By it the title was transferred to plaintiffs as fully as it had been received by the purchaser from them. Plaintiffs acted in good faith, and immediately thereafter, and before the purchase by defendant, placed the mortgage on record in the proper county. Who then did Davis defraud? Was it plaintiffs? We think not! It is true he bought the property of them, but he secured the purchase price by at least the whole property purchased. It would make no difference as to what his real name was, so far as they were concerned. They had the mortgage on the property, which was their security. That mortgage could be enforced at any time. He sold the property to defendant, representing it to be free from incumbrance, when it was not; representing that the title was vested in him, when it was not; that he could convey a perfect title, when he could not. And of

which fact the purchaser had constructive notice. We think, therefore, that the learned judge of the district court misapplied the law, and that his decision upon the agreed facts was erroneous.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

The other judges concur.