## FARMERS' STATE BANK v. NORTH OKLAHOMA STATE BANK.

No. 14074—Opinion Filed Sept. 16, 1924.

Rehearing Denied Dec. 2, 1924.

1. Chattel Mortgages—Removal of Property to Another County—Refiling of Mortgage.

Before a mortgagee of chattels whose mortgage has been duly recorded in the county where the said chattels were located at the time of the execution of the mortgage, is required to refile his mortgage in another county to which the mortgagor without the knowledge or consent of the mortgagee has removed the said chattels, it must appear from the evidence in an action by a second mortgagee of the same chattels to foreclose his mortgage, which mortgage was recorded in the latter county, that said chattels had been kept continuously for 120 days or more in the county to which said chattels had been removed and that said chattels were permanently located therein.

2. Same — Removal of Property—"Permanently Located.

Record examined, and held, that the mortgaged property involved in this cause was not "permanently located" in the county to which it was at different times removed within the meaning and purview of section 7651, Comp. Stats. 1921.

**3.  Chattel Mortgages—Filing as Notice—Effect of Fictitious Name of Mortgagor.**

The record of filing of a mortgage executed by the owner under a fictitious name is not ordinarily notice of such mortgage to the bona fide purchaser of the property from the owner selling under his true name.  But a mortgage to secure purchase money executed by the mortgagor under a fictitious name or property sold to him under the same name · is, when recorded, valid against a ,subsequent mortgagee of the same property to whom such mortgagor has mortgaged it under his right name, although ,the subsequent mortgagee examined the record for chattel mortgages executed by the mortgagor and found none.   · ··

(Syllabus by Pinkham, C.)

Commissioners' Opinion, · Division No. 5.

Error from District Court, Canadian County ; James I. Phelps, Judge.

Action by Farmers' State Bank of ¡Wheatland against North Oklahoma State Bank of Britton.  From judgment in favor of the defendant, plaintiff brings error.  Affirmed.

.Shartel, Dudley & Shartel, for plaintiff in error.

Chastain, Harris & Young, for defendant in error.

· Opinion by PINKHAM, C. The sole question presented by the record in this case is the priority of· chattel mortgage liens concerning a·pair of mules as between the plaintiff in error, Farmers' State Bank of Wheatland, plaintiff in the court below, and the North Oklahoma State Bank of Britton, defendant in error; defendant below.

· The following are the material facts :

On February 4, 1919, one J. A. Keller purchased at a public sale in Oklahoma county the mules in controversy for $300, and thereupon on said date borrowed from the defendant, ·North Oklahoma State Bank, said sum, evidenced by a note for $300, due November 4, 1919, and secured the same by chattel mortgage covering said mules and other property.    This mortgage shows that Keller was at the time of ·executing said note and mortgage a resident of· Oklahoma county.  This mortgage was thereafter and within a· short time filed for record in Oklahoma county.  It appears that Kurz or Keller was known in Oklahoma county under the name of Keller and transacted considerable business under that name.  On January 7, 1920, said Keller, under the name of Otto Kurz, executed a renewal note to the plaintiff, Farmers' State Bank of Wheatland, in Oklahoma county, for $940, and secured the same oy chattel mortgage covering the same

mules mortgaged to the North Oklahoma State Bank · on February 4, 1919, together with other property.  This second mortgage was shortly thereafter filed for record in Canadian county.  The property was in Oklahoma county at the time the mortgage on January 7, 1920, to the plaintiff bank was executed.  The mules in question remained in Oklahoma county for a time after the execution of the mortgage to the plaintiff bank, but were afterward taken into· Canadian county and were taken possession of by the plaintiff in Canadian county.

The record shows that Keller. was known to the plaintiff bank only by the name of Kurz, and that he owned or had owned up until the time of trial a small tract of land on the Canadian river in Canadian county adjoining the Oklahoma county line ; that Kurz or Keller had a small portable sawmill with which he had been sawing timber in the vicinity of the Canadian county tract, and that prior to the execution of the note and mortgage on January 7, 1920, to the Farmers' State Bank, had moved his sawmill into Oklahoma county and "batched" there, and that the mules in question were used at the sawmill in Oklahoma county, ·and that he only went back to the tract in Canadian county where his family was when he was not engaged at work at his mill in Oklahoma county.

The record further shows that the mules in question crossed the· line, from one county to the other, a number of times from the date of the note and mortgage of January 7. 1920, until they were seized by the plaintiff.

It appears that the plaintiff had· no actual knowledge of the mortgage of February 4, 1919, to the defendant, North Oklahoma State Bank, at the time it took its mortgage on January. 7, 1920.

It further appears that Kurz or Keller left the county, whereupon the· plaintiff obtained possession of the mules included in its mortgage, and later brought this action to foreclose its mortgage making the North Oklahoma State Bank a party defendant therein.

The cause was tried as between the Farmers' State Bank and the North Oklahoma State Bank before the court, a jury being waived, and at the conclusion of all the evidence the court rendered a judgment in favor of the defendant, North Oklahoma State Bank, holding that its mortgage lien upon the mules in question was superior to that of the plaintiff.  During the pendency of the action a receiver was appointed who sold the

mules in controversy and other mortgaged property, and during the trial of the case it was agreed between the parties that the value of the mules was $240. Motion for a new trial was overruled, from which order plaintiff has perfected its appeal to this court.

For reversal of the judgment appealed from counsel for plaintiff in error submit in their brief two propositions: First, That the lien of the North Oklahoma State Bank is not effective as to the plaintiff because it did not refile the same in Canadian county. It is contended by counsel for plaintiff under this proposition that it was the duty of the North Oklahoma State Bank to refile its mortgage in Canadian county within 120 days from the date of the removal, under section 7651, Comp. Stats. 1921.

The section of the statute cited, after making the filing of a chattel mortgage notice, etc., provides:

"Provided, that when a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees, or incumbrancers, for a longer period than 120 days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

This statute was construed in Snodgrass v. J. I. Case Threshing Mach. Co., 70 Okla. 303, 174 Pac. 555, and in First National Bank of Vinita v. Guess, 72 Okla. 125, 179 Pac. 29, and are cited in plaintiff's brief in support of its contention under its first proposition.

The only question decided in the Snodgrass Case was the question of knowledge of the removal by the mortgagee. The defendant in error in that case contended that statutes of this character requiring refiling after removal apply only to cases where the removal was made with the consent of the mortgagee, and that in those cases where the mortgagee did not consent and did not have any knowledge thereof, a refiling of the mortgage is not necessary.

This contention was not sustained. The court held that:

"Our statute (7651, Comp. Stats. 1921) makes no exception, but provides in broad general terms that the mortgage, in order to operate as notice against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, must be refiled in the county to which the chattel has been re-

moved and in which it is permanently located."

In First National Bank of Vinita v. Guess, supra, cited by plaintiff, it is said:

"Where chattels are mortgaged in one county and afterwards removed by the mortgagor to another county in the state and there continuously kept and used by such mortgagor in carrying on his business in the latter county for more than 120 days when after the expiration of the time named the property is sold by the mortgagor to one who has no knowledge of such mortgage, and which sale takes place and is consummated in the county where the property is then located, held, in an action of replevin by the first mortgagee against the purchaser that on account of the failure of such mortgagee to comply with the terms of section 4032, Rev. Laws 1910 (7651, Comp. Stats. 1921) and refile its mortgage in the county to which the mortgaged property was removed, its title thereto as against such purchaser for value, or his mortgagee, must fail."

It will be found from an examination of both of the cases cited that it was the fact of permanent location of the chattels for a period of 120 days in the county to which the property had been removed upon which the decisions in those cases rested.

It clearly appears from the evidence in the instant case that the mules in question were located in Oklahoma county at the time they were mortgaged to the defendant bank, February 4, 1919, and the mortgage duly recorded in that county as required by statute; that they were also located in Oklahoma county at the time they were mortgaged to the plaintiff, and that they remained in Oklahoma county most of the time thereafter. The plaintiff recorded its mortgage, not in Oklahoma county where the mules were located at the time of the execution of the mortgage to it, but in Canadian county.

It is true the mules were at various times taken across the line into Canadian county, but it cannot be said after a careful examination of the evidence that they were continuously kept for a period of 120 days in Canadian county, and therefore they were not "permanently located" in the county to which they had been removed within the intent and meaning of section 7651, Comp. Stats. 1921.

Plaintiff's second proposition is: "That the filing of a mortgage executed by the owner under a fictitious name is not ordinarily notice of such mortgage to a bona fide purchaser."

In Jones on Chattel Mortgages, section 247a, it is said:

"The record of filing of a mortgage executed by the owner under a fictitious name is not ordinarily notice of such mortgage to the bona fide purchaser of the property from the owner selling under his true name. But a mortgage to secure purchase money executed by the mortgagor under a fictitious name of property sold to him under the same name, is when recorded, valid against subsequent mortgagee of the same property to whom such mortgagor has mortgaged it under his right name, although the subsequent mortgagee examined the record for chattel mortgages executed by the mortgagor and found none." Alexander v. Graves, 25 Neb. 453, 41 N. W. 290.

It is sufficient to say that the defendant's mortgage was for purchase money as shown by the evidence and by the court in its judgment.

The court also found that "Keller" was a fictitious name, and that the defendant's mortgage was prior in point of time.

Upon the whole record we are of the opinion that the court did not err in holding that the mortgage given by Kurz under the name of Keller, under the evidence submitted and the law, is paramount, prior, and superior to the mortgage given plaintiff on the mules in question, and that the same was for the purchase money for said mules.

We think the judgment of the trial court should be affirmed.

Defendant in error in this case has asked for a judgment against the sureties on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which F. L. Horton and T. J. Hunker were sureties. Judgment is therefore rendered against the said sureties on the supersedeas bond.

By the Court: It is so ordered.