## FIRST CHRISTIAN CHURCH et al. v. UNION COMMUNITY CHURCH.

No. 21984.　May 1, 1934.

H. N. Whalin, J. A. Minton, and R. N. Linville, for plaintiffs in error.

Stevens & Cline, for defendant in error.

CULLISON, V. C. J. The Union Community Church of Chattanooga (Okla.), as plaintiff, filed suit against the First Christian Church of Chattanooga and others, defendants, seeking to compel specific performance of a contract to convey certain real property and such other equitable relief as was proper.

The record discloses that there were various church organizations in the town of Chattanooga, Okla., but that none of them were very strong. In 1920 a Union Community Church was organized, with which church practically all of the protestant people united. Prior to the organization of the Community Church, meetings were held at which plans of organization were discussed and agreed upon. The Christian Church owned a church building at Chattanooga, as did the Methodist Church. The Christian Church building was in a bad state of repair, but out of debt. The Methodist Church had a fair piece of property, but the same was indebted. Under the arrangements as understood at the time of the organization of the Community Church, the Christian Church property was to be considered as of the value of $800.99, and was to be conveyed to the Union Community Church. The Methodist Church property was to be sold and the proceeds applied against the indebtedness against the same, and such amounts as were received over and above the indebtedness were to be applied on repairing the Christian Church building, which building was to be used as the Community Church Building. The Methodist Church had good pews, pulpit, and piano, which were moved into the building to be used as the Community Church.

The Community Church continued to function from 1920 to 1928, but no conveyance of the property of the Christian Church had been made to the Community Church, and upon some misunderstanding arising in the Community Church organization this suit was filed, seeking to have the property conveyed to the Union Community Church as contemplated when the organization was first perfected.

Defendants answered, generally denying plaintiff's cause of action and further pleading that there was no valid arrangement or agreement to convey said church property that was enforceable against all the membership of said church.

The case was tried to the court, and resulted in judgment of the court refusing to decree specific performance, holding that the property belonged to the First Christian Church, and that the Community Church could not compel conveyance thereof to the Community Church. The court further held that, under the agreement entered into between the various parties, the Community Church had expended large sums of money in the repair and maintenance of the First Christian Church building, and that the Community Church should have a lien upon said property in the amount of $750 for moneys so expended; and further ordered that the chairs, pews, pulpit, and piano be returned to the Methodist Church.

Defendants appeal from said judgment and contend that the court erred in overruling defendants' demurrer to the evidence; second, that the findings of fact are not supported by the evidence, but are contrary to the evidence and are contrary to law; third, error of the court in rendering a money judgment for the plaintiff and impressing it as a lien upon the property; and fourth, that the court erred in the admission of certain evidence.

In consideration of the first question of error presented herein, we observe the evidence was not sufficient to support plaintiff's cause of action seeking specific performance of contract for the conveyance of certain real property; but we further observe that there was competent evidence showing that plaintiff had expended considerable sums of money upon defendant's property, and that plaintiff was entitled to relief other than specific performance for such money expended, so that plaintiff did sustain a cause of action by competent evidence and the court did not err in overruling the demurrer to plaintiff's evidence.

The second and third questions of error will be discussed together, since the important question raised deals with the order of the court impressing a lien upon defendants' property.

At the conclusion of the trial the court made adequate findings of facts and conclusions of law in said case. The record discloses that during the occupancy of the property of the First Christian Church by the Union Community Church, the said Community Church expended upon said church property approximately $1,290 in repairing, improving, and caring for said church building.

Of this amount, $863 was improvements placed upon the building, preparing the same for occupancy by the Union Community Church, and other improvements include painting and the installation of electric lights, and insurance.

The court rendered judgment, giving the Union Community Church an equitable lien for $750 upon the property of the First Christian Church for this money so expended thereon.

The question for our determination is whether or not the trial court erred in granting said equitable lien.

In the case of Rucker v. Abell (Ky.) 48 Am. Dec. 406, at page 408, the court discussed an equitable lien as follows:

"But as the son had taken possession of the land under the verbal gift, and made valuable improvements thereon, under the expectation created by the act of the father, that the gift would be consummated, he is, in equity, entitled to pay for those improvements, and has a lien upon the land to secure the payment of their value. This lien would exist against the donor, and is valid against creditors. But its amount must be determined by deducting from the value of the improvements a reasonable compensation for the use of the land."

In the case of Gibert v. Peteler (N. Y.) 97 Am. Dec. 785, in the headnotes to said case, we find the following statement:

"Value of Improvements. One in possession of land under agreement of purchase, which required him to make large expenditures for improvements thereon, as a condition upon which he was to receive his deed, where the title proves to be defective, has an equitable lien upon the land for the value of his improvements."

In the case of George King's Heirs v. Thompson, 9 Peters, 204, 9 L. Ed. 102, at page

108, the Supreme Court of the United States discusses an equitable lien as follows:

"There appears to have been no fraudulent intent in the case; no disposition to defeat the claims of the present creditors, or to cover the property from future demands. It seems to have been a bona fide transaction, and one which neither a court of law nor of equity could refuse to sanction. And if the terms of the contract were established so that this court could decree a specific execution of it, they would pronounce such a decree. But as a specific performance cannot be decreed, the inquiry remains whether the complainant has a lien on the property for the money he expended in improving it.

"The counsel for the appellant do not controvert the right of the complainant to a just remuneration for the valuable improvements he made, but they insist that he must exhibit his claim as a general creditor of the estate of George King; and that from such claim there should be deducted a reasonable rent for the time the property was in his possession.

"This claim for improvements by the complainant is founded upon the most equitable considerations. At the instance of George King, his father-in-law, the complainant entered into the possession of this property; and under a full belief that it would be secured to him as his own, he was induced to expend a large sum of money in making permanent and valuable improvements. These improvements, some of the witnesses say, have increased the value of this property to three times the amount which it was worth before they were made. From this, it appears the money was not injudiciously expended; and the question arises whether this expenditure, under the circumstances of this case, does not create a lien upon the property.

"If King were living, he could not object to this lien. Can his creditors object to it? By enforcing it, can their interests be injuriously affected?

"It may be said that the deterioration of property in Georgetown has been such as to reduce the value of this property to a less sum than was expended in making the improvements. This cannot change the principle that must govern the case. If the money has been judiciously expended, under such circumstances as to entitle the complainant to a lien, the court must give effect to it. It is an equitable mortgage, and, in a court of chancery, is as binding on the parties as if a mortgage in form has been duly executed."

In the case at bar, plaintiff had entered upon the premises of defendants and expended considerable sums of money in the improvement of defendants' property.

Plaintiff expended said money believing that the property was the property of the Union Community Church.

A much larger sum of money had been expended upon said church building than the amount of the lien given thereon by the trial court. The court made proper deduction and allowance for the use of said church building.

The facts in the case at bar bring the same squarely within the rules announced in the authorities heretofore cited.

The judgment of the trial court granting an equitable lien for a part of the money expended upon the building was a proper construction of the law and facts applicable to the case at bar.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur.