## COMMERCIAL CREDIT CO. v. WILLIAMS et al.

No. 23253.   Oct. 8, 1935.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Wilson & Wilson, for defendants in error.

PER CURIAM. The parties will be referred to herein as they appeared in the court below. March 14, 1930, H. A. Barnard, Inc., of Oklahoma City, sold and delivered to International Signal Company of Oklahoma City a Nash automobile on a conditional sales contract securing a promissory note for the purchase price of $359.27. On the same day said note and conditional sales contract were assigned and delivered to the plaintiff. About the first of August, 1930, without the knowledge or consent of the plaintiff, J. W. Harris, secretary and treasurer of International Signal Company, while driving through Garfield county on his way to Woodward, Okla., on business of said company, wrecked said car so badly that it needed extensive repairs in order to be again usable and propellable by its own power. About August 15th, without the knowledge or consent of the plaintiff, J. D. Wakefield, vice president and general manager of International Signal Company, caused said car to be delivered to the defendants' garage at Enid to be repaired, and the same was repaired by the defendants without the knowledge or consent of the plaintiff between September 15, and October 21, 1930. The conditional sales contract was filed of record in Oklahoma county April 1, 1930, but was never filed in Garfield county. The car had been regularly kept in Oklahoma county from date of sale until said accident and was merely temporarily in Garfield county as above stated. Plaintiff filed this replevin action January 6, 1931, claiming right to possession of said car because of default on the balance of said note and contract in the sum of $149.70 Defendants answered by claiming a prior lien for $85 for labor performed, and $5.70 for material placed on said car, and $21.50 for storage of same. Defendants filed no lien statement of record, but claimed their lien by virtue of their possession.

Defendants had no actual knowledge of plaintiff's interest in said car before or while making said repairs.

The case was tried without a jury April 17, 1931. Defendants' demurrer to plaintiff's evidence was overruled, but upon all of the evidence judgment was rendered in favor of defendants and against plaintiff, from which judgment plaintiff has properly filed this appeal.

Numerous errors are assigned, but the principal questions involved are:

(1) Were the defendants charged with constructive knowledge of the plaintiff's lien or interest in said automobile?

(2) If the defendants were charged with constructive knowledge of the plaintiff's claim, was their lien for labor and repairs on said car superior to the claim or lien of the plaintiff?

(3) Did the court err in overruling the defendants' demurrer to the plaintiff's evidence?

The first question must be answered in the affirmative. Section 11279, O. S. 1931, provides:

"That when a mortgaged chattel is moved * * * from one county to another, any previous filing of mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or encumbrancers for a longer period than 120 days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

The plaintiff's lien arose under a contract which was made and completely performed before the expiration of 120 days from the time the car in question left Oklahoma county and first entered Garfield county. The rule, therefore, is well settled under this statute and by the decisions of this court that:

"When mortgaged personal property is removed from one county to another, chattel mortgages on file in the county from which it is removed impart constructive notice to subsequent purchasers, encumbrancers, and creditors for a period of 120 days after such removal. * * *" Drum Standish Commission Co. v. First National Bank & Trust Company of Oklahoma City, 168 Okla. 400, 31 P. (2d) 843; Cassity v. First National Bank of Tonkawa, 143 Okla. 42, 287 P. 392; Morgan v. Stanton Auto Co., 142 Okla. 116, 285 P. 963; Farmers State Bank of Wheatland v. North Oklahoma State Bank of Britton, 104 Okla. 248, 230 P. 914.

The defendants, therefore, were clearly charged with constructive knowledge of the plaintiff's claim if the statute with respect to chattel mortgages just quoted applies to conditional sales contracts. Section 11906, O. S. 1931, after providing for recording conditional sales contracts, provides:

"When so deposited, it shall be subject to the law applicable to the filing of * * * chattel mortgages."

This court in Arnold v. Wittie, 99 Okla. 236, 227 P. 132, held:

"In our view of the law it is not material whether the instrument be held to be a conditional sales contract or a chattel mortgage, for the reason that the registration laws governing the registration of chattel mortgages is applicable to and controls the registration of conditional sales contracts. * * *

"The registration of the conditional sales contracts imparts notice to purchasers and creditors to the same extent and with the same effect as does the registration of a chattel mortgage. Shafer v. National Cash Register Co., 16 Okla. 117, 82 P. 646."

We, therefore, hold that the defendants were charged with constructive knowledge

of the plaintiff's right or lien in and to said car.

The second question must be answered in the negative. It has been heretofore determined by this court that sections 10986 and 10987, O. S. 1931, are the statutes that govern the priority of a lien for labor and material performed and furnished upon an automobile, and that any other statutes which may confer superior rights upon laborers upon the production of their labor have been repealed by said statute and are not applicable with respect to liens for labor or material performed or furnished upon an automobile, and that "a lien created by a chattel mortgage duly executed and filed as required by law is prior and superior to a mechanic's or materialman's lien created by the provision of * * * sec. 7438, C. O. S. 1921 (sec. 10986, O. S. 1931), where the chattel mortgage is duly filed prior to the furnishing of the material or performing of any labor upon which the labor or materialman's lien is based." Greer v. Bird, 93 Okla. 246, 220 P. 579; McClelland-Gentry Motor Co. v. Meyer, 94 Okla. 282, 222 P. 261; Nettles v. Carson, 77 Okla. 219, 187 P. 799; DeGroff v. Carhart, 97 Okla. 145, 223 P. 180. We, therefore, hold that the defendants' lien, if any, was not prior but inferior to the plaintiff's right or lien in and to said automobile.

In view of this conclusion, it is unnecessary for this court in this case to definitely determine whether under the above statutes and decisions the defendants have a lien at all upon said automobile under sec. 10985, O. S. 1931, or other statutes or principles of law, since they did not comply with sections 10986 and 10987, O. S. 1931, but claim it only by virtue of possession. See cases, supra, but see, also, Colonial Supply Co. v. Smith, 134 Okla. 40, 272 P. 879. But regardless of whether the defendants have a valid lien by virtue of sections 10986 and 10987, O. S. 1931, or by virtue of some other sections or principle of law, by reason of having retained possession, whatever lien, if any, the defendants have is inferior to the lien or right of the plaintiff under the prior decisions of this court cited above.

The defendants, however, contend that the court should have sustained their demurrer to the plaintiff's evidence, and that therefore the judgment of the trial court is nevertheless correct. We have carefully examined the record and find no merit in this contention.

The only other contention made by the

defendants is that they offered to prove (and the court refused the offer) that some third person, not involved in this action, was in fact the true owner of said automobile during all of the time in question, and that, therefore, the plaintiff could have no valid right or lien thereon, and his action in replevin should fail for want of title or right of possession in the plaintiff.

If the defendants did properly offer to prove by competent evidence that some third person was the owner of said automobile at the time said conditional sales contract was executed, then and in such event the plaintiff's action in replevin would have to fail for want of title or right of possession in the plaintiff, unless the plaintiff showed that he acquired some valid right or title thereafter superior to the lien of the defendants. Anglo-American Mill Co., Inc., v. Milam. 133 Okla. 271, 272 P. 430.

Did the defendants, however, properly offer competent proof of such ownership? The proof that the defendants offered on this point was the testimony of the defendants' witness, Everett Williams, that such witness had searched the records of the State Highway Department, and that such records disclosed that the title to said car was in one D. C. Tidings on July 3, 1928, and that no other title had been issued to any one else since.

This offer was properly refused because the evidence tendered was not competent evidence to prove the contents of such records.

Judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial and proceed in accordance herewith.

The Supreme Court acknowledges the aid of Attorneys John Ladner, Summers Hardy, and J. A. Duff in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ladner and approved by Mr. Hardy and Mr. Duff, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.