MITCHELL DRILLING CO. v. ROBERT L. KINKAID, Inc.

No. 28992. Sept. 24, 1940.

*105 P. 2d 764.*

John E. Curran, Morris L. Bradford, and Charles A. Kothe, all of Tulsa, for plaintiff in error.

Pryor & Sandlin, of Holdenville, for defendant in error.

WELCH, V. C. J. Certain persons not interested herein owned three oil and gas leases on separate tracts of land. One of them is referred to as the Atkins lease. The owners contracted with Mitchell Drilling Company, a copartnership, defendants in the lower court, and herein designated as such, to drill wells on the several tracts. Said Mitchell Company to receive certain cash payments and certain further payments out of 15 per cent. of the oil produced. The wells were drilled as producers, after which suit was instituted in the district court of Hughes county to foreclose numerous statutory liens against the several properties. Defendant, Mitchell Company, was a party to that suit. Therein a receiver of the properties was appointed, numerous liens were foreclosed and this defendant, Mitchell Company, was specifically adjudged to have a lien upon the three leases for the sum of $14,295.68 as a first and prior lien on 15 per cent. of the entire production therefrom. Therein the properties were ordered sold to satisfy the liens which were foreclosed (not including this defendant's prior lien), and the property was specifically ordered to be sold subject to the said prior lien of this defendant.

Notice of sale was given in full conformity with the judgment and order of sale, specifying clearly that the sale would be made subject to this defendant's prior lien.

The receiver made public sale at the time and place stated in the notice and made return thereof showing sales of the various properties to the several purchasers. The return of sale was silent as to whether the property was or was not sold subject to the prior lien of defendant, Mitchell Company, though reciting generally that the sale was made pursuant to the order of sale.

At the hearing on motion to confirm that sale there were objections to confirmation and the matter was reopened, additional bids were received by the judge of the court, and upon final bids the sale of the various items was approved and confirmed. The order of confirmation contained no statement as to whether the sale was subject to the lien of the defendant, Mitchell Company. Likewise the conveyance executed by the receiver was silent as to whether the conveyance was or was not subject to the lien of the defendant, Mitchell Company. The plaintiff contends that in receiving further bids on confirmation day the district judge stated the property would be sold free and clear of liens.

The pipe line purchaser of the oil production continued for about ten months to make payments to Mitchell Drilling Company on the 15 per cent. production, then plaintiff, owner of the lease purchased at the receiver's sale, protested the making of any further such payments and commenced this action against the defendant, Mitchell Company.

Plaintiff's petition alleged generally the ownership of the lease, that defendant claimed some right, title, or interest therein, and sought to compel defendant to set forth whatever right, title, or interest was claimed, and prayed that any such right, title, or interest claimed by defendant be adjudged a

cloud on plaintiff's title, and canceled and set aside or adjudged inferior to plaintiff's rights.

The defendant, Mitchell Company, by answer pleaded its lien as theretofore adjudged, and the judgment decreeing foreclosure of other inferior liens and ordering sale of the property subject to the prior lien.

The plaintiff, by reply, alleged that the judgment pleaded by the defendant, and which adjudged defendant to hold a first lien and decreed sale of the property in foreclosure of other liens to be made subject to defendant's lien, was a void judgment and of no force and effect, the plaintiff alleging that said judgment shows on its face that it is void and the court had no power to render the judgment so rendered. Second, plaintiff alleged that if the defendant, Mitchell Company, had any lien, the same had become barred by the statute of limitations for lack of any foreclosure thereof.

The cause was tried to the court, resulting in a general judgment for plaintiff, from which this appeal is taken.

Upon trial, the plaintiff relied upon the two defenses alleged in its reply, and also introduced evidence of the amounts paid on defendant's claim, and some evidence tending to show that plaintiff purchased the Atkins lease without knowledge that the sale was made subject to the defendant's lien, and some evidence that on confirmation day the district judge said the lease was being sold free and clear of any lien.

There was no finding of fact or conclusion of law by the trial court, and the general judgment for plaintiff does not disclose whether the plaintiff prevailed on the theory that the judgment adjudicating defendant's prior lien was void for lack of power of the court to render same; or upon the theory that the defendant's lien was extinguished by bar of the statute of limitations; or upon the theory that the lien was discharged by payment; or upon the theory that the defendant was estopped to urge a prior lien.

All four theories are suggested by plaintiff in support of the trial court's judgment. While the defendant, Mitchell Company, urges that the judgment upon which the judicial sale was based was not void; that plaintiff's suit constituted a collateral attack on a final judgment of a court of competent jurisdiction; that the defendant's lien was not extinguished by any bar of the statute of limitations, and that the plaintiff, having purchased at the judicial sale, was charged with notice of the terms of the judgment decreeing foreclosure sale, and the terms of the notice of sale, and must be held to have purchased the lease subject to the prior lien of defendant.

It is conceded that in the former action the district court had jurisdiction of all of the parties, that is, the leaseholders, the claimants of statutory liens, and the defendant, Mitchell Company, contractors who claimed a prior lien, and that the court had jurisdiction of the subject matter. The plaintiff claims, however, that the third element of jurisdiction was lacking in that the court had not the power to adjudge the Mitchell Company to have a prior lien.

The purpose of that action was to determine and establish the several liens on the property, and we have no doubt that the court had the power to determine the existence and amounts of each and all of the liens asserted; and that the court had the power to consider and determine any claim of priority of liens. If the court determined a claimant to have a lien when in fact he did not, that determination would be erroneous, but nevertheless would be within the power of the court. If in such an action there were two liens, neither entitled to priority, yet if one claimed priority and the court adjudged it to be first and prior, that determination would be erroneous, but likewise would be within the judicial power of the court. In all actions to determine and enforce liens, the court generally has power to determine the existence and amounts of the liens, who has a lien and who does not, and to determine and adjudicate claims of priority of liens; and when it is determined that

a prior lien exists the court has power to foreclose the inferior liens and to direct the sale of the property to be made subject to the first and prior liens. Meridian Oil Co. v. Randolph, 26 Okla. 634, 110 P. 722; Wertzberger v. McJunkin, 171 Okla. 528, 43 P. 2d 729; First Christian Church v. Union Community Church, 168 Okla. 188, 32 P. 2d 297; Hubbard v. Stotts, 171 Okla. 205, 42 P. 2d 489; Cather v. Spencer, 55 Okla. 511, 154 P. 1130; First National Bank v. Wilson, 49 Okla. 370, 153 P. 172; Bank of Earlsboro v. J. E. Crosbie, Inc., 182 Okla. 327, 77 P. 2d 547; Commercial Credit Co. v. Williams, 174 Okla. 160, 50 P. 2d 141; Pacific Petroleum Co. v. Sunbeam Oil Co., 176 Okla. 293, 54 P. 2d 1054; Graham Oil & Gas Co. v. Oil Well Supply Co., 128 Okla. 201, 264 P. 591; Detroit Graphite Co. v. Carney, 175 Okla. 583, 53 P. 2d 584, and sec. 11020, O. S. 1931, 42 Okla. St. Ann. § 175.

It seems clear that the court had the power in the former action to determine any questions as to priority of liens and to foreclose inferior liens subject to a prior lien. The plaintiff cites no authority to the contrary. We therefore find no merit in this contention.

We find no merit in plaintiff's theory that defendant's rights were barred by the statute of limitations. The plaintiff argues that if the lien of the defendant, Mitchell Company, was a statutory lien, it had become barred by the applicable statute. However, the plaintiff's brief points out that the defendant's right or lien was not foreclosable, and was not in fact a statutory lien. We observe no statute or legal rule which would bar the defendant under the circumstances here existing, nor is any such rule cited.

Plaintiff urges herein that any lien which may have been given defendant by the judgment is shown to have been paid. It points to certain testimony tending to show that sums theretofore paid to defendant from oil produced from the Atkins lease were sufficient to satisfy defendant's claim against that particular lease. The argument is without merit because under the judgment 15 per cent. of the production from all the leases was to be applied toward satisfaction of defendant's total claim.

Plaintiff says further that defendant is estopped because it stood by and permitted the lease to be sold free of liens. Plaintiff did not plead estoppel and points to no evidence which in our opinion would support such a plea.

Plaintiff further asserts that defendant had no lien even though one was attempted to be established by the former judgment. Assuming that plaintiff might attack the judgment in this manner, we find nothing in its brief which convinces us that such former judgment was not properly rendered.

The judgment here appealed from is reversed, and the cause remanded, with instructions to render judgment in favor of this defendant.

OSBORN, GIBSON, HURST, and DANNER, JJ., concur.