## NETTLES v. CARSON et al.

No. 9500—Opinion Filed Feb. 17, 1920.

(Syllabus by the Court.)

### 1. Statutes—Conflict—General and Special Statutes.

A statute which is enacted for the primary purpose of dealing with particular subjects, and which prescribes by specific designation the terms and conditions of that particular subject-matter, supersedes a general statute which does not specifically refer to the particular subject-matter, but does contain language broad enough to cover the subject-matter if the specific statute were not in existence.

### 2. Statutes—Repeal.

A statute which contains a repealing clause to the effect "that all acts and parts of acts in conflict herewith are hereby specifically repealed," repeals earlier acts in so far as the same conflict with the latter act.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action for possession of automobile under chattel mortgage by W. L. Nettles against H. J. Porter and another, mortgagors, and against Charles W. Carson and another who claimed a lien on the property for material and repairs. Judgment for Carson and another, and plaintiff brings error. Reversed and remanded.

W. F. Schulte, for plaintiff in error.

George Tice, for defendants in error.

BAILEY, J. This was an action in replevin to recover possession of one Maxwell automobile; suit being instituted in the district court of Coal county on the 7th day of December, 1916. The admitted facts are that on August 1, 1916, H. J. Porter and Susan Porter executed and delivered to plaintiff in error, W. L. Nettles, a certain promissory note as a part of the purchase price of said automobile; that said note was secured by a chattel mortgage on said automobile, which said mortgage was duly filed in the office of the county clerk of Pontotoc county on the 9th day of August, 1916, where the Porters then resided; ·that thereafter, without the knowledge or consent of plaintiff in error, said defendants H. J. Porter and Susan Porter delivered said automobile into the possession of the defendants C. W. Carson and Denny Farrimound, with the agreement and understanding that said Carson and Farrimound would furnish certain materials and make repairs on said automobile, and that in compliance with such agreement said defendants in error did perform such labor and furnish such material. The terms and conditions of the chattel mortgage having been breached, this action was instituted for the recovery of said automobile. The defendants in error contend that they hold a valid and subsisting lien against said automobile by reason of the material furnished and labor done thereon. Under the issues as joined and presented to the trial court, a single question is presented for reversal here.

It is contended by defendants in error that section 3858, Rev. Laws 1910, was in full force and effect and that the provisions of such section controlled and determined the rights of the parties to this action; while, on the other hand, it is contended by plaintiff in error that the interests and rights of the parties hereto must be determined under the provisions and terms of chapter 83, Session Laws 1913. Section 3858, Rev. Laws 1910, is as follows:

"A person who makes, alters, or repairs any article of personal property, at the request of the owner or legal possessor of the property, has a lien on the same for his reasonable charges for work done and material furnished, and may retain possession of the same until the charges are paid."

Section 1, chapter 82, Session Laws 1913, provides:

"Blacksmiths, wheelwrights and horseshoers who perform work and labor for any person, if unpaid for same, shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements and other articles of repair, or horses or other animals shod by them, for all sums of money due for such work or labor and for any material furnished by them and used in such product, repairs," etc.

No contention is made that any rights accrued to defendants in error by reason of the provisions of chapter 114 of the Laws of 1911, but the sole question presented for consideration of the court is as to the effect of the enactment of section 1, ch. 82, of the Laws of 1913. In Territory of Oklahoma ex rel. Sampson v. Clark, 2 Okla. 82, it is said:

"Another well-known rule of interpretation of statutes which guides us in our conclusion in this case is that, where there are specific provisions in the act relating to a particular subject, they control as against general provisions in other parts of the statute, although the general provisions standing alone would give to the act another meaning."

In Felt v. Felt, 19 Wis. 208, the rule is stated as follows:

"It is a well-settled rule of construction that specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law which might otherwise be broad enough to include it."

In Muskogee Times-Democrat v. Board of County Commissioners, 76 Okla. 188, 184 Pac. 591, it is held:

"Where there are two provisions of the statute, one of which is special and particular and which includes the matter in controversy, and where the special statute covering the subject prescribes different rules of procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply." Gardner v. School District No. 87, 34 Okla. 716, 126 Pac. 1018.

And while the provisions of section 3858, supra, are sufficiently comprehensive to extend the benefits of the lien on personal property to defendants in error, the Legislature having seen proper to enact special provisions relating to the kind and character of work, material, and property involved in this action, the provision of the act of 1913 must be held to control.

Assuming that there is any conflict in the provisions of such sections, whatever may have been the rights of a mechanic under the provisions of section 3858, where the statute merely created a lien for services on personal property, without declaring whether such lien does or does not hold priority over other liens, and fails to show an intention to give preference to such lien, it is clear, under the provisions of chapter 82, Laws of 1913,

that such mechanic's lien is made subject to all prior liens. The chattel mortgage in the instant case having been duly filed prior to the furnishing of material or the performing of any labor by the defendants in error, the lien of said chattel mortgage must be held valid and superior to that of the mechanic.

It is contended that the act of 1913 makes no specific reference to section 3858, supra, and that therefore it was not the intention of the Legislature to modify or repeal any portion of section 3858. But specific reference is not necessary. Section 3, ch. 82, Laws 1913, provides:

"All acts and parts of acts in conflict herewith are hereby expressly repealed."

An act on the same subject as an earlier act, complete in itself and which contains a repealing clause to the effect that all acts and parts of acts inconsistent with its provisions are thereby repealed, repeals an earlier act which conflicts therewith. 25 R. C. L. 912. Huston v. Scott et al., 20 Okla. 142, 94 Pac. 512.

It is further suggested that the legislative intent with reference to section 3858 is expressed in the specific repeal of said section 3858 by chapter 187, sec. 7, of the Session Laws of 1917; but it should be noted that the provisions of section 3858 are sufficiently broad to include much not included in the act of 1913, and if it is to be assumed to be a legislative construction as contended, it is not binding on the courts, as it is beyond legislative power or province to interpret retrospectively, by legislative act, prior statutes.

The cause is reversed and remanded.

RAINEY, V. C. J., and KANE, JOHNSON, PITCHFORD, and HIGGINS, JJ., concur.