## GREER v. BIRD.

No. 14320—Opinion Filed Oct. 23, 1923.

Rehearing Denied Nov. 20, 1923.

**1. Statutes—General and Specific Statutes.**
A statute which is enacted for the primary purpose of dealing with particular subjects, and which prescribes by specific

designation the terms and conditions of that particular subject-matter, supersedes a general statute which does not specifically refer to the particular subject-matter, but does contain language broad enough to cover the subject-matter if the specific statute were not in existence.

## 2. Statutes—Repeal — Effect of General Clause.

A statute which contains a repealing clause to the effect "that all acts and parts of acts in conflict herewith are hereby specifically repealed," repeals earlier acts in so far as the same conflict with the latter act.

## 3. Chattel Mortgages—Priority Over Mechanic's Lien.

A lien created by a chattel mortgage duly executed and filed as required by law is prior and superior to a mechanic's or materialman's lien created by the provisions of chapter 82, Sess. Laws 1913 sec. 7438 Comp. Stat. 1921, where the chattel mortgage is duly filed prior to the furnishing of material or performing of any labor, upon which the labor or materialman's lien is based.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by D. F. Bird against W. C. Greer. Judgment for plaintiff, and defendant brings error. Affirmed.

E. F. Maley, for plaintiff in error.

M. A. Dennis, for defendant in error.

Opinion by JONES, C. This was a replevin action originally instituted on the 27th day of June, 1922, in the justice court, city of Okmulgee, Okla., by the defendant in error, plaintiff below, as assignee of the chattel mortgage, for the recovery of an automobile. The mortgagor having made default in the payment of the notes secured by the chattel mortgage, the defendant in error, as the assignee of the mortgagee, brought his action to recover possession of said automobile. The plaintiff in error W. G. Greer, was at that time in possession of the automobile, and contended that he had a lien on said automobile, superior to said chattel mortgage by reason of the provisions of chapter 114, Sess. Laws 1911.

The matter was tried in the justice court and judgment rendered in favor of the defendant in error, plaintiff in that court; the cause was then appealed to the district court of Okmulgee county, Okla., where it was submitted on an agreed statement of facts, and upon consideration of same,

judgment was rendered by the court in favor of the defendant in error, D. E. Bird, on the 18th day of November, 1922.

The agreed statement of facts is as follows:

"It is hereby agreed by and between the plaintiff and defendant that the facts in this cause are as follows: That on the 28th day of June, 1922, this plaintiff D. E. Bird, instituted this action in replevin as assignee and holder in due course of certain notes and chattel mortgage duly executed by Frank Stutsman to the Hix-Kimbley Motor Company on the 15th day of July, 1911, and said chattel mortgage covering one National roadster automobile, engine No. 8-N-2433.

"That said chattel mortgage was duly filed in the office of the county clerk of Okmulgee county, Oklahoma, on the 16th day of July, 1921.

"That the plaintiff, D. E. Bird, is an innocent purchaser for value before maturity and is now the owner and holder of the notes and chattel mortgage given to secure the same, covering said roadster automobile That the terms and condition of said note and mortgage were breached in that they were not paid when due. This action was originally commenced against H. C. Durham and W. L. Snodgrass and by agreement of all parties, this defendant, W. C. Greer, was substituted as defendant; the said W. C. Greer, being the real party in interest, and the only party defendant interested in this cause.

"That said Frank Stutsman's mortgagor is now and always has been the owner of, said automobile that is, the owner of said automobile since the execution of said chattel mortgage to date.

"That the said Frank Stutsman has always been in possession of said automobile until the same was delivered by him, the said Frank Stutsman, to this defendant for work and labor; that the title to said property has always been in said Frank Stutsman. That on or about the 24th day of April, 1922, the owner, Frank Stutsman delivered said automobile to this defendant, for the purpose of having this defendant repair the same; that pursuant to said agreement with the said Frank Stutsman, this defendant, W. C. Greer, did personally perform labor upon said automobile to the amount of sixty-nine dollars. That said work and labor was performed under a verbal agreement with the said Frank Stutsman, and upon said automobile herein described. That said work and labor was performed between the 24th day of April, 1922, and the 29th day of April, 1922, and that said labor was performed without the consent or knowledge of plaintiff.

"That at the time this plaintiff instituted his replevin action herein, this defendant, W. C. Greer, was in possession of said automobile and was holding the same under his lien for work and labor performed by him upon said automobile. That no part of said sum of sixty-nine dollars has been paid, that at the times herein referred to the automobile involved in this action and the parties hereto have been within Okmulgee County, Oklahoma.

"Dated this 10th day of October, 1922. "(Signed)

"W. A. Dennis, Attorney for Plaintiff.

"A. F. Maley, Attorney for Defendant."

Both parties filed motion for judgment on the pleadings and agreed statement of facts, and on the 18th day of November, 1922, final judgment was rendered by the Hon. Mark L. Bozarth, judge of the district court of Okmulgee county, Okla., overruling the motion of the defendant and sustaining plaintiff's motion, thereby holding that the plaintiff, by reason of his chattel mortgage, had a lien on said automobile superior to the lien of the defendant for labor performed and material furnished in repairing said automobile. And rendered judgment for the plaintiff for the recovery and possession of said automobile, or its value in lieu thereof in the sum of $175, cost of action, etc., from which order and judgment of the court, plaintiff in error duly excepted and appeals.

The fourth assignment of error urged by plaintiff in error sets forth the real and only issue in this case:

"That the trial court erred in failing and refusing to find that plaintiff in error's lien for labor performed was superior to that of defendant in error's chattel mortgage."

And contends that under chapter 114, Sess. Laws 1911, his lien for labor performed and material furnished in the repair of the automobile in question is superior to the lien of the defendant in error by reason of the chattel mortgage.

While the defendant in error contends that the law relied upon by plaintiff in error was repealed by implication by section 1, chapter 82, Sess. Laws 1913, and cites as the authority for this contention the case of Nettles v. Carson et al., 77 Okla. 220, 187, Pac. 799.

Plaintiff in error seems to think that the case cited has no application to the case at bar, but we cannot agree with this contention. It is true that in the Nettles Case the court was passing upon the effect had by the enactment of chapter 82, Sess. Laws

1913, on section 3858, Rev. Laws 1910 which was expressly repealed by chapter 187 Sess. Laws 1917). Section 3858 is as follows.

"A person who makes, alters or repairs any article of personal property at the request of the owner or legal possessor of the property has a lien on the same for his reasonable charges for work done and material furnished, and may retain possession of the same until the charges are paid. * * *"

The section further provides for the manner of enforcing the lien above given and the application of the proceeds derived from the sale. This is the section relied upon in the Nettles Case wherein the court held that section 1, chapter 82, Sess. Laws 1913, operated to repeal section 3858. Section 1 provides:

"Blacksmiths, wheelwrights and horseshoers who perform work and labor for any person, if unpaid for same shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements, and other articles repaired, or horses, or other animals shod by them, for all sums of money due for such work, or labor and for any material furnished by them and used in such products, repairs," etc.

The court in the Nettles Case cited the case of Territory ex rel. Sampson v. Clark, 2 Okla. 82, 35 Pac. 882, wherein the court said another well-known rule of interpretation of statutes which guides us in our conclusion in this case is, that where there are specific provisions in the act relating to a particular subject they control, as against general provisions in other parts of the statutes, although the general provisions, standing alone, would give to the act another meaning. And in the case of Felt v. Felt, 19 Wis. 193, the rule is stated as follows:

"It is a well settled rule of construction that specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law, which might otherwise be broad enough to include it."

The same rule is announced in the case of Gardner v. School District No. 97, 34 Okla. 716, 126 Pac. 1018. We think this rule applies with equal force to the case at bar. The law relied upon by plaintiff in error is section 1, chapter 114, Sess. Laws 1910-11, which is as follows:

"Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for same, shall have a lien on the production of their labor for such work and labor, provided that such lien shall attach only, while the title to

the property remains in the original owner."

And section 5 of the same act provides:

. "Liens created under this act shall take precedence of all other liens whether created prior or subsequent to the labors lien herein created and provided."

This is a general statute and sufficiently comprehensive standing alone to apply to the facts in this case, but the statute heretofore referred to, being section 1, chapter 82, Sess. Laws 1913, evidently was enacted for the specific purpose of covering just such cases as the one at bar, specifically mentioning the repair of automobiles and providing the procedure whereby the lien may be established and foreclosed, and section 3 of said act provides:

"All acts and parts of acts in conflict herewith are hereby expressly repealed."

And while minds might differ as to whether this is an express or implied repeal of the ·general statutes as found in Sess. Laws 1910-11, we think, to say the least of it, it is clearly a limitation of the effect and application of the general statutes and must necessarily govern in all cases which come within the express language of its provisions. We, therefore, think that the trial court was correct in rendering judgment for plaintiff below, defendant in error, and finding no error, we recommend that the judgment be affirmed.

By the Court: It is so ordered.