## DE GROFF v. CARHART et al.

No. 14590—Opinion Filed Feb. 5, 1924.

**1. Liens—Lien for Repairs on Automobile—Statutes.**

Where one engaged in the automobile repair business furnishes labor and material in the repair of an automobile for any person, a lien is created, subject to all prior liens, by chapter 82, Session Laws of 1913 (sections 7438, 7439, Comp. Stat. 1921), upon the automobile so repaired for the amount due and unpaid for the labor and material furnished in its repair.

**2. Same—Filing Lien.**

Such lien is created by section 1 of that act (7438) and is not dependent upon the filing of a verified account with the clerk of the district court of the county in which the debtor resides, as provided by section 2 (7439), but, in order to extend the lien beyond the 60 day period for filing the lien, or to maintain the lien superior to the rights of subsequent purchasers or incumbrancers, the provisions of section 2 (7439) must be complied with.

**3. Same—Replevin to Enforce Lien—Issues—Instruction.**

In an action to recover possession of an automobile for the purpose of foreclosing a lien for labor and material furnished in its repair, where the evidence was conflicting as to whether the automobile was repaired for the owner, or for another person who had wrecked it while temporarily in control and to whom the plaintiff had agreed to look for payment for such repairs, it was error for the court to instruct the jury that if the repairs were made with the knowledge and consent of the owner their verdict should be for the plaintiff. In such case the question to be submitted to the jury was whether the labor and material were furnished for the defendant, and not whether they were so furnished with his knowledge and consent.

**4. Same—Erroneous Judgment.**

In an action of replevin to recover possession of an automobile for the purpose of

foreclosing a lien, where the defendant had given a redelivery bond and retained possession, it was error to enter judgment against the defendant for the amount of plaintiffs' claim and, in addition thereto, for a return of the automobile or its value.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by E. R Carhart et al. against E. N. DeGroff. Judgment for plaintiffs, and defendant appeals. Reversed.

James P. Gilmore and H. R. Williams, for plaintiff in error.

Geo. E. Reeves and Paul A. Wilson, for defendants in error.

Opinion by RAY, C. Plaintiffs maintained a garage in connection with their sales agency for the Willys-Knight automobile in Tulsa, and the defendant owned a Willys-Knight car. He left the car with Hobart L. Baugus, the head repair man of the garage connected with Cosden & Company's refinery, to be "tuned up." Baugus took the car out on a joy ride and wrecked it. It was towed into plaintiffs' garage and rebuilt. After the car was put in running order the defendant got possession of it without plaintiffs' consent, and left them with an unpaid bill of $1,055.53, and plaintiffs commenced this action to recover possession of the car for the purpose of foreclosing the lien claimed for labor and material furnished in its repair and recovered judgment, from which defendant appeals.

The petition was in form a petition in replevin but contained no allegation of damages for wrongful detention. At the trial plaintiffs were permitted to amend the prayer of their petition by asking for a personal judgment against defendant and foreclosure of the lien. There was no decree of foreclosure.

The case was tried upon the theory that in such cases the lien is acquired under chapter 187, Session Laws 1917, but this court has held in Nettles v. Carson et al., 77 Okla. 219, 187 Pac. 799, and in Greer v. Bird, 93 Okla. 246, 220 Pac. 579, that while other lien statutes are sufficiently comprehensive to create a lien for labor and material furnished in repairing automobiles, chapter 82, Session Laws 1913, having been enacted with special provisions relating to labor and materials furnished in the repair of automobiles, that act must be held to control in such cases. That act is as follows:

"Section 1. Blacksmiths, wheelwrights and horseshoers who perform work and labor for any person, if unpaid for same, shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements and other articles repaired, or horses, or other animals shod by them, for all sums of money due for such work or labor and for any material furnished by them and used in such product, repairs or shoeing.

"Section 2. Any person having a lien under this act and desiring to avail himself of its provisions shall, within 60 days after such work or labor is done or performed, or materials furnished, file with the clerk of the district court of the county in which the debtor resides, a just and true account of the demand due, or becoming due, allowing all credits, and containing a description of the property to be charged with said lien, verified by affidavit; provided, that said lien must in either event, be so filed with the clerk of the district court of the county in which the debtor resides, before the title to the property described therein, has passed from the original owner."

But it is contended that plaintiffs acquired no lien under that act for the reason that the lien statement was filed in the office of the county clerk as required by the act of 1917, instead of in the office of the court clerk as required by the act of 1913.

We think the lien is created by section 1, when the work and material are furnished. The lien is not dependent upon the filing of the lien statement under section 2. In order to extend the lien beyond the 60 day period for filing a lien, or to maintain such lien superior to the claims of subsequent purchasers or incumbrancers, the statute as to filing must be complied with. This suit having been commenced within less than 60 days after the labor and material were furnished, and there being no intervening adverse claim, it was not material as to whether the lien statement was filed as required by section 2, and the allegation of the petition that the lien statement was filed in the office of the county clerk was mere surplusage, and in no way affected the substantial rights of the parties.

It is contended that the court erred in instructing the jury as follows:

"In this connection you are instructed that if you find from a preponderance of the evidence that defendant's car was delivered to plaintiff by some person other than the owner thereof, but who was in the rightful possession thereof, and that plaintiff performed such work and labor with the knowledge and consent of the defendant and that thereafter, the defendant, with knowledge thereof, accepted said work and labor with the knowledge that plaintiff had performed

such work, and labor and furnished such material, relying upon their right to a lien upon said automobile for such labor and material, and if you further find from a preponderance of the evidence that the defendant did so obtain possession of said automobile from plaintiff, then the plaintiff would be entitled under the law to the possession of said automobile in this action and your verdict should be for the plaintiff for the possession thereof or its value to the amount due to plaintiff, if any, for such work, labor and material, not exceeding the amount sued for, to wit, $1,055.53 and interest at 6 per cent. from September 18, 1920."

The question for the jury was not whether the labor and material were furnished "with the knowledge and consent" of the defendant, as the jury were instructed, but, were they so furnished "for the defendant" as provided in the act of 1913. The work may have been done with the "knowledge and consent" of the defendant and not "for him." That was the principal question at issue. Witnesses for the plaintiffs testified that plaintiffs refused to rebuild the car until instructed to do so by the defendant, and, upon that evidence, plaintiffs contended that the repairs were made for the defendant. The defendant offered evidence tending to show that the plaintiffs did the work under instructions from Baugus, and that they were looking to him for payment, and not to the defendant, and that the defendant was not recognized as a party to the transaction. The principal question in the case for the jury to decide was whether the labor and material were furnished "for the defendant" and that question should have been submitted to the jury under proper instructions.

It is also contended that the judgment was not authorized by the pleadings and the evidence. The verdict and judgment were as follows:

"We, the jury impanelled and sworn in the above entitled cause, do upon our oaths, find the issues for the plaintiff and fix the amount of its recovery at $1,055.53 and interest and for the recovery of possession of said car or its value in said sum.

"It is therefore, by the court considered, ordered, adjudged and decreed that the plaintiffs have and they hereby are given and granted judgment against the defendant, E. N. DeGroff, for the sum of $1,055.53, and interest, and for the recovery of possession of said car or its value in said sum."

The verdict appears to conform to the court's instructions. In the court's statement of the issues the jury were told that the plaintiffs asked for the sum of $1,055.53, and for further judgment, possession

of the car or its value in the sum of $1,500. By instruction No. 2 they were told that the plaintiffs sought, first, a personal judgment against the defendant, and, that if they found that the labor and material were furnished at the special instance and request of the defendant, then their verdict should be for the plaintiffs in such sum as they found to be due not to exceed $1,055.54 as alleged, and interest. By instruction No. 3 they were told that the plaintiffs further sought to have a lien upon the automobile upon the theory that it was delivered to them by some person lawfully in possession and that the labor and material were furnished with his knowledge and consent, and that he wrongfully secured possession by other than a voluntary delivery, and that, if the jury so found, their verdict should be for possession or its value to the amount due the plaintiff not to exceed $1,055.53, the amount sued for.

The defendant had given a redelivery bond and kept possession of the car and plaintiffs were entitled to recover a judgment for possession, or its value, but were not entitled to judgment for the amount of the indebtedness and, in addition thereto, the return of the car or its value.

The judgment should be reversed and a new trial had.

By the Court: It is so ordered.