## NORTON-JOHNSON BUICK CO. v. LINDLEY.

No. 24654.    April 23, 1935.

Rehearing Denied May 21, 1935.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1935.

Goode, Dierker & Goode, for plaintiff in error.

Suits & Disney, for defendant in error.

PER CURIAM. This action was brought by Marie Lindley, plaintiff, against Norton-Johnson Buick Company, to recover damages for the alleged conversion of an automobile. Plaintiff alleged in her petition that she was the owner of a 1929 model Buick coupe; that she delivered it in December, 1930, to the defendant for the purpose of having some repairs made thereon; that in March, 1931, the defendant converted the same by selling it to one C. S. Dawson, without authority and without notice to her and without perfecting or filing any lien upon said car. The defendant answered admitting that the plaintiff delivered the car in question to it in December, 1930, for the purpose of making certain repairs thereon and that it made the repairs to the value of $361.83, and that it could not locate the plaintiff, and upon investigation ascertained the car was owned by one Otis White, and that after interviewing him and obtaining his consent to the sale of said car for the repairs done thereon, it filed and foreclosed its lien for such repairs. The plaintiff filed a reply consisting of a general denial. On these issues the cause was tried to a jury. A verdict was returned in favor of the plaintiff for the sum of $861.83 less the repair bill of $361.83, or the net sum of $500. A motion for a new trial was duly filed and overruled, and the defendant appeals. The parties hereinafter will be referred to as they appeared in the trial court.

The evidence is not in substantial conflict except as to the value of the car at the time of its alleged conversion. It is conceded that the car was delivered to the defendant by the plaintiff about December 20, 1930; that the repairs were made thereon and charged to the plaintiff, and that there were several interviews and conversations between the plaintiff and the agents or employees of the defendant regarding the repair charges. The testimony of the plaintiff was to the effect that the defendant agreed to make the repairs, hold the car, and give her an opportunity to get the money to pay the bill. This was denied by witnesses for the defendant. The defendant offered to show that it filed and foreclosed a mechanics' lien on the car in March, 1931, pursuant to the provisions of House Bill No. 654 of Session Laws of 1917, c. 187 (secs. 7454, 7455, and 7457, C. O. S. 1921), and that therefore it had a right to sell the car to C. S. Dawson when it did. This proffered evidence was excluded by the court upon the theory that the lien of the defendant was acquired by reason of chapter 82, Session Laws of 1913 (sections 7438 and 7439, C. O. S. 1921, secs. 10986 and 10987, O. S. 1931), and that the lien not having been foreclosed pursuant to said act, anything done by the defendant would not constitute a defense as a matter of law.

The defendant makes 16 assignments of error and argues them all here. The contentions advanced by these various assignments of error may be briefly summarized as follows:

(1) That the defendant had a lien and foreclosed it under the provisions of the 1917 act (the same being sections 7454, 7455, and 7457, O. S. 1921 (secs. 11001, 11002, and 11004, O. S. 1931), and that consequently it was error of the trial court to exclude the evidence offered to prove compliance with the terms of said act.

(2) That if the lien of the defendant was acquired under and pursuant to sections 7438 and 7439, C. O. S. 1921 (secs. 10986 and 10987, O. S. 1931, chap. 82, Session Laws 1913), said act is unconstitutional in that it violates section 40 of art. 5 of the Constitution of Oklahoma; and

(3) Error in the giving and refusing of certain instructions.

We will discuss these several propositions in the order above given.

It is apparent that the relation of the parties was that of bailor and bailee for hire, and as said in 3 R. C. L., page 86:

"It is the well-settled general rule, supported by public policy and reason, that a bailee cannot set up a want of title in the bailor as an excuse for a refusal to redeliver the bailment, or, as it is usually stated, he is estopped to deny bailor's title."

Therefore, the defendant was not entitled as a matter of law to assert any title actual or apparent of the said Otis White as against the plaintiff in this action. See Story, Bailm. (9th Ed.) par. 266; Schouler, Bailm, and Carriers (3rd Ed.) par. 494; 3 Am. and Eng. Enc. 1, page 756, and 5 Cyc. L. and Pro., page 172.

Consequently, whether the defendant had a right to sell the car to Dawson must depend on whether the 1913 or 1917 statute above cited controlled its lien.

In Nettles v. Carson, 77 Okla. 219, 187 P. 799, this court was called upon to contrast the 1913 statute above cited with a prior general statute, and the following rule was enunciated:

"A statute which is enacted for the primary purpose of dealing with particular subjects, and which prescribes by specific designation the terms and conditions of that particular subject-matter, supersedes a general statute which does not specifically refer to the particular subject matter, but does contain language broad enough to cover the subject-matter if the specific statute was not in existence."

The rule announced in the above case was followed in Greer v. Bird, 93 Okla. 246, 220 P. 579, and subsequently redeclared in De-Groff v. Carhart, 97 Okla. 145, 223 P. 180, wherein it was held:

"1. Where one engaged in the automobile repair business furnishes labor and material in the repair of an automobile for any person, a lien is created, subject to all prior liens by chapter 82, Session Laws of 1913 (sections 7438, 7439, Comp. Stat. 1921), upon the automobile so repaired for the amount due and unpaid for the labor and material furnished in its repair.

"2. Such lien is created by section 1 of that act (7438) and is not dependent upon the filing of a verified account with the clerk of the district court of the county in which the debtor resides, as provided by section 2 (7439), but, in order to extend the lien beyond the 60-day period for filing the lien, or to maintain the lien superior to the rights of subsequent purchaser or incumbrancers, the provisions of section 2 (7439) must be complied with."

On the authority of the above cases, we are of the opinion that the lien of the defendant was created and controlled by the provisions of chapter 82, Session Laws of 1913, and that therefore the trial court committed no error in so holding and in excluding the proffered evidence of acts done under the 1917 statute.

It is next contended that the 1913 act is special legislation creating liens, and is therefore unconstitutional, being violative of section 46 of article 5 of the Constitution of Oklahoma, which reads as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: (a) The creation, extension, or impairing of liens."

In Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 P. 228, 22 A. L. R. 1008, the court held:

"It is well settled that a statute which applies to all persons or things of a designated class uniformly throughout the state, omitting no person or thing belonging under that classification, is a general law within the meaning of the Constitution. Ex parte Anderson, 33 Okla. 217, 124 P. 980; 26 R. C. L. 813-818."

In the same opinion it is further held:

"The question of whether a statute is general or special in its nature and scope has been the subject of much discussion in this and other states. It is well settled everywhere that all statutes are entitled to the presumption which favors their constitutionality. Ex parte Hunnicutt, 7 Okla. Cr. 214, 123 P. 179; 24 R. C. L. 909, 1000, and cases cited; Chicago, R. I. & P. R. Co. v. Beatty, 34 Okla. 321, 118 P. 367, 42 L. R. A. (N. S.) 984, 126 P. 736.

"With this rule of construction in mind, let us see whether this is a general law or a local or special law; and, if the latter, was it one the law authorizes and was it legally enacted? This court has adopted another rule of construction, that the question of whether a general or special law is applicable is primarily for the Legislature to determine. This rule is also supported by the weight of authority in other states. Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 P. 333; Hatfield v. Garnett, 45 Okla. 438, 146 P. 24; 25 R. C. L. 825, and cases cited."

Laws public in their objects may be confined to a particular class of persons, if they are general in their application to the class to which they apply, and the distinction is not arbitrary but rests on some reason of public policy. Hence, an act is not special legislation merely because its provisions apply only to publishers of newspapers. See Allen v. Pioneer Press Co., 40 Minn. 117, 12 Am. St. Rep. 707, and see also

Standidge v. Chicago Railways Co., 250 Ill. 524, 98 N. E. 963, 40 L. R. A. (N. S.) 599, wherein it is held:

"A statute conferring attorneys' liens is not unconstitutional special legislation because it applies only to attorneys at law, since those who follow that profession form a class constituting a proper basis for legislation."

We fail to follow the argument of the defendant to the effect that the classification of blacksmiths, wheelwrights, and horseshoers is arbitrary and unreasonable, but, on the contrary, it appears to us to be a valid and justifiable classification, and, as we have seen, the act being a general law and not local or special, the inhibitions of section 46, art. 5, are inapplicable.

The defendant complains of the refusal of the court to give certain requested instructions, and takes exception to instructions given by the court. In the instructions requested the defendant attempted to have the jury instructed on the apparent ownership of the automobile by Otis White and to excuse its dereliction on that basis, but, as we have observed previously, the title of its bailor could not be assailed in this manner, and, therefore, the refusal of these requested instructions was proper. The third request made was fully covered in the general instructions given by the court, and there was no error in refusal to give in the form requested. See Shell Petroleum Corporation v. Wood, 168 Okla. 271, 32 P. (2d) 879, wherein it is held:

"It is not error to refuse to give requested instructions which are covered by the general instructions of the court."

The defendant excepted only to the first and sixth instructions given by the court, and has here abandoned its objections to the first instruction and confines itself to the sixth. This instruction when analyzed critically may appear deficient, but, reading the instructions as a whole, we are of the opinion that the jury was not misled thereby, and as we have said in Peck v. Peck, 102 Okla. 184, 228 P. 968:

"Slight deficiencies in the court's instructions to the jury do not constitute reversible error where it clearly appears that the jury was not misled thereby."

And, as said in Rafferty v. Collins, 160 Okla. 63, 15 P. (2d) 600:

"In a law action instructions given by the trial court must be considered as a whole. An instruction which when standing alone would seem to assume the existence of a controverted fact in issue is not erroneous when considered with other instructions which tell the jury that before a verdict can be found for plaintiff they must find from a preponderance of the evidence the existence of such controverted fact"

This we conceive to be the correct rule. We have examined the instructions as a whole, and conclude that they fairly presented the issues to the jury, and that there is no fundamental error therein.

The evidence, as we have previously observed, with reference to the value of the car at the time of its conversion was conflicting. This conflict was resolved by the jury in favor of the plaintiff, and there being competent evidence to support the same, we are bound thereby. Under the record presented, we are of the opinion that the case has been fairly tried and that there is no fundamental error therein. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys P. W. Holtzendorff, Frank E. Ertell, and J. Wood Glass in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holtzendorff, and approved by Mr. Ertell and Mr. Glass, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.