### RIGGAN v. FAULKNER.

No. 28263.    Jan. 24, 1939.

Rehearing Denied Feb. 21, 1939.

Howard K. Berry, for plaintiff in error.

Edwards & Robinson, for defendant in error.

OSBORN, J. This suit was commenced in a justice of the peace court of Oklahoma county by the plaintiff, Ruth Faulkner, against Elmer Riggan and R. E. Brown, defendants, for conversion of an automobile. The plaintiff recovered judgment against said defendants in the justice court, and upon trial on appeal in the common pleas court of Oklahoma county R. E. Brown's demurrer to plaintiff's evidence was sustained, but judgment was rendered in favor of the plaintiff against the other defendant, Elmer Riggan, who appeals to this court.

The material evidence, except as to the value of the automobile, is undisputed. On September 13, 1935, the defendant was operating a filling station as manager for R. E. Brown, and on that date, at the request of plaintiff's agent to store her automobile, he took said automobile and placed it in Chris-

ty's Garage. He left the automobile there until about the 15th of November, 1935, when he paid the Christy Garage $11.25 for storage to date and then moved the automobile to a garage which he had rented for that purpose. On January 23, 1936, he filed a lien claim against the automobile with the court clerk of Oklahoma county for $37.50 for storage, and on February 25, 1936, sold said automobile in accordance with the provisions of the statutes for foreclosing a chattel mortgage. Some time after February 25, 1936, the plaintiff, by her agents, called for said automobile, and upon being advised that it had been sold for storage, she instituted this action. The defendant introduced in evidence copies of the notice of lien foreclosure sale and the affidavit of posting notices and testified as to the manner in which he conducted the sale.

At the conclusion of all the testimony the trial court ruled that the defendant had converted said automobile by an unauthorized sale, and submitted to the jury only the question of the value of said automobile.

The defendant contends that section 10985, O. S. 1931, granted him a lien against said automobile for storage and that he filed the lien statement in accordance with the provisions of section 10987, O. S. 1931, and thereafter sold it as provided by section 11004, O. S. 1931. The sole question for our consideration is whether the defendant could foreclose his lien and sell the automobile under the provisions of said section 11004, supra.

Section 10985, O. S. 1931 (formerly section 3852, R. L. 1910), provides:

"Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service."

Under the above provisions the defendant had a possessory lien, but no statute designates the remedy for enforcing a lien granted by that statute. The defendant, therefore, attempted to satisfy his lien claim by foreclosing upon the automobile following the procedure designated in section 11004, O. S. 1931.

This statute is section 4 of chapter 187, S. L. 1917 (secs. 11001-6, O. S. 1931), which granted a lien not dependent on possession to any "person, firm or corporation who furnishes labor, money, material or supplies for the production of, altering or repairs of any personal property." Section 11004, O. S. 1931, provided that liens granted by section

1, ch. 187, S. L. 1917 (sec. 11001, O. S. 1931), "may be foreclosed by the sale of the property so covered any time within twelve months in the same manner provided by law for the foreclosure of chattel mortgages." Said section 11004, O. S. 1931, is not a general statute providing the procedure for the foreclosure of all liens created by the various statutes, but relates solely to the specific lien created by section 11001, O. S. 1931. Nettles v. Carson, 77 Okla. 219, 187 P. 799; Norton-Johnson Buick Co. v. Lindley, 173 Okla. 93, 46 P.2d 525.

It is the general rule that where a specific lien is granted by statute, the enforcement of that lien must be in the manner designated by that particular statute, and if the lienor attempts to foreclose such a lien but does not proceed in accordance with the statutory provisions for the enforcement of that particular lien, the lien is lost and the lienor is liable for damages for the conversion of the property sold. Norton-Johnson Buick Co. v. Lindley, supra; Page v. Allison, 173 Okla. 205, 47 P.2d 134; Roberts v. Callis, 177 Okla. 359, 58 P.2d 1232; Greenawalt v. Wilson (Kan.) 34 P. 403; 37 C. J. p. 342, sec. 68; 37 C. J. p. 339, sec. 58.

Since the procedure designated by section 11004, O. S. 1931, was not the proper remedy for enforcing a lien granted by section 10985, O. S. 1931, it follows that this unauthorized sale constituted conversion. It is not necessary that we determine upon this appeal whether or not, upon proper application, a court of equity could foreclose such a possessory lien, since the defendant did not endeavor to proceed in that manner.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., absent.