HIEBERT v. KOENIG.

No. 30867. May 25, 1943.

Rehearing Denied June 8, 1943.

138 P. 2d 534.

R. A. Wilkerson and Ben Murdock, both of Pryor, for plaintiff in error.

G. Raymond Bassmann, of Claremore, for defendant in error.

CORN, C. J. The plaintiff based her suit upon two notes, one was for the principal sum of $2,000, and the other for the principal sum of $950. These notes belonged to the First State Bank of Inola, Okla., when it was voluntarily liquidated. The plaintiff alleged the notes belonged to her because she paid off the depositors and became the owner of the assets of the bank. In the suit the plaintiff sought to foreclose a chattel mortgage which she alleged was given to secure the notes. On December 15, 1938, the defendant filed a verified answer, to wit:

"(3) For further answer the defendant further alleges that on or about the 12th day of July, 1935, he was indebted to the First State Bank of Inola, in certain sums and on said date he had a settlement with said Bank as to all indebtedness due by him to said Bank, and at the same time reduced his indebtedness to the said Bank to the total sum of $600, and that on the same date, and as evidence of said remaining indebtedness, he executed to the said First State Bank of Inola a promissory note in the sum of $600, and as security for the said note executed and delivered to the said Bank on the same date his chattel mortgage upon 27 head of cattle then owned by him; that the said $600 note and the mortgage securing the same is the only note and mortgage given to the said Bank by this defendant which has not been paid."

A reply was filed to the answer, and by leave of court and on February 25, 1935, the defendant filed his first amended answer. In this pleading the defendant conforms generally to the original answer but enlarges upon the allegations, though in it no mention is made of the $600 note.

In substance the defendant testified positively that he had paid off all the notes except one for $600 which was secured with a chattel mortgage on 27 head of cattle. The note to be paid on a year's time at 6 per cent interest.

At the trial of the case the jury returned a verdict in favor of the defendant. In due course the plaintiff filed a motion for a judgment notwithstanding the verdict. The motion was sustained and a judgment was rendered in favor of the plaintiff and against the defendant for the sum of $600, together

with interest thereon at the rate of 6 per cent per annum from and after July 12, 1935, and decreeing that the plaintiff have a lien upon 27 head of cattle to secure the payment of the debt.

The only question involved herein is: Did the trial court, under the facts herein, commit error in entering a judgment notwithstanding the verdict?

It is the contention of the plaintiff herein that she was clearly entitled to a judgment upon the pleadings.

Reduced to the last analysis, the pleadings clearly show that the plaintiff sought judgment against the defendant upon two separate notes in the amount of $2,950. The defendant contends he has paid all this indebtedness except a balance of $600, and by the filing of the amended answer the issues joined by the original answer were eliminated and should not be considered herein. His contention is not well founded because in the trial of the case the evidence adduced by the defendant followed very closely the allegations contained in the original answer. Here is what he said:

" . . . I paid off a mortgage. I shipped some cattle, and then paid off on the 12th, the 12th of July, 1935. I owed some indebtedness at the time and I paid that off. $800 was unsecured. There was a secured note at that time of nine something - - - I couldn't exactly say and I paid everything off, and that left $600 yet and we made a new note and a new mortgage on the $600 on a year's time and 6 per cent interest. That is what we did."

In the rendition of a judgment notwithstanding the verdict, the trial court treated the pleadings as amended to conform to the proof of defendant, although this record does not show a specific request by plaintiff to so treat it, but we shall so treat it, as did the trial court.

Section 698 of Title 12, 1941 O. S. A., is as follows:

"Judgment on pleadings or notwithstanding verdict. Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party. R. L. 1910, § 5140."

The rights of parties under the above statutes are well settled and the plaintiff was clearly entitled to the relief which the trial court gave her.

In the case of Martin v. National Bank of Claremore, 182 Okla. 217, 77 P. 2d 40, this court said in the first section of the syllabus:

"Under the provisions of section 429, O. S. 1931, where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

The second section of the syllabus in the same case is as follows:

"When a jury has returned its verdict, the trial court is without jurisdiction to enter judgment non obstante veredicto, unless (1) the party in whose favor such judgment is rendered would be entitled to judgment on the pleadings, or, (2) the jury has returned special findings of fact contrary to the general verdict."

In Mires v. Hogan, 79 Okla. 233, 192 P. 811, in the fourth section of the syllabus, this court, speaking through Justice Ramsey, stated:

"The district court has inherent power to render a judgment on the pleadings without a motion by either party."

Again in the fifth section of the syllabus it says:

"A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law, as to which party is entitled to judgment."

The defendant filed an answer under oath stating he owed the amount for which judgment was rendered. At the trial of the case he testified under his affirmation that the debt was unpaid and that he owed $600, with interest thereon from the 12th day of July, 1935.

From the standpoint of justice and right, we are unable to see how the defendant could question the validity or sufficiency of the judgment.

Judgment affirmed.

GIBSON, V. C. J., and OSBORN, HURST, and DAVISON, JJ., concur. WELCH and ARNOLD, JJ., concur in result. RILEY and BAYLESS, JJ., absent.