LIBERTY PLAN CO. v. WALKER.

No. 33300. Oct. 12, 1948.

Rehearing Denied Nov. 9, 1948.

*199 P. 2d 205.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Herbert K. Hyde, Lee Williams, and Carroll Samara, all of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to replevin an automobile from defendant. The petition alleged plaintiff was the owner and holder of a note ($766.22), secured by a duly recorded mortgage upon the car; that the note was in default and plaintiff therefore entitled to possession in order to foreclose its lien. Further, that defendant had possession of the car under a claim for work and labor performed without plaintiff's knowledge or consent, and defendant's lien was inferior to plaintiff's mortgage. Plaintiff asked judgment for possession and foreclosure of its mortgage. Writ of replevin issued and possession of the car was delivered over to plaintiff April 20, 1946.

Defendant's answer admitted possession at the time the car was replevined, but alleged his possession was lawful and that he was entitled to retain same for payment of $458.31 due for repairs and new parts placed thereon, which sum was due and unpaid. Defendant also denied the validity of plaintiff's mortgage, but alleged if same existed it was junior and inferior to his lien, and asked judgment for possession of the automobile.

Upon trial of the case to the court without a jury the following circumstances were developed from the evidence: The automobile was used as a taxicab and the former owner had given a note and mortgage thereon dated November 6, 1945, to the owners of the cab company. On January 5, 1946, the mortgagor sold the car and transferred the title to V. E. Boxford, with the mortgagee's knowledge and consent. On January 12, 1946, Boxford executed a new note to the mortgagees, but no new mortgage was made thereon.

January 9, 1946, the automobile was placed in defendant's garage for repair, defendant previously having discussed this with the mortgagees and having been advised that Boxford held title to the car. The work was commenced on this date, but delayed for some time due to the inability to secure parts. Charges for the completed job were $428.31, to which defendant added a charge for $30 storage, which was disallowed by the trial court. On January 21, 1946, a mortgage from Boxford to plaintiff, dated January 10, 1946, was placed of record. On May 7, 1946, after the present action was filed, both the original owner's note and Boxford's note were assigned to plaintiff by the original payees. Plaintiff did not dispute defendant's possession of the car on the date the replevin suit was filed, nor that defendant had done the repair work as claimed.

Plaintiff's assignments of error are presented under two propositions: It is first contended there was no waiver or estoppel to prevent plaintiff from claiming the assigned mortgage superior to defendant's claim. Second, defendant's labor lien lapsed after 60 days.

Supporting the first contention plaintiff urges that, although waiver or estoppel can be established by facts or circumstances, the evidence herein is insufficient to establish that defendant performed the work in question in reliance upon the belief that the prior mortgage (to Fuller) would be waived. Inasmuch as the court found, and the record supports the finding, that the defendant's lien accrued prior to the date of plaintiff's mortgage from Boxford, all discussion concerning the priority of the chattel mortgage is directed at the original Oxford-Fuller mortgage dated November 6, 1945.

Plaintiff urges that the evidence merely shows that defendant advised Fuller that Boxford was buying the car and that defendant knew of his mortgage thereon, and that Fuller advised him concerning the amount of the said mortgage. Plaintiff insists that there was no intimation by defendant that he would claim a lien upon the car, and no intimation or suggestion by defendant that the mortgagee (Fuller) waive his mortgage in favor of defendant's claim for repairs.

Plaintiff has directed attention to Nettles v. Carson, 77 Okla. 219, 187 P. 799, and Greer v. Bird, 93 Okla. 246, 220 P. 579, wherein it was the holding of this court that a recorded chattel mortgage held priority over a lien for repairs to an automobile. Reference to the annotation in 32 A.L.R. 1005, reveals that such rule as therein announced is not in accord with the weight of authority.

Consideration of the decisions from the jurisdictions which refuse to recognize the priority of chattel mortgages in such instances reflects that the reasoning upon which such holdings are based is that when the mortgagor is permitted to continue the possession and use of the mortgaged property, it was necessarily contemplated by the parties that the property would require repairs which would enhance the value of the property, which justifies the application of the doctrine of implied consent.

In the present matter an even stronger case is presented, since herein there was the actual consent of the mortgagor that the repairs might be made. The facts are so widely different as to preclude application of the rule announced in the Carson and Greer cases, supra. Without an extended discussion we are of the opinion that the mortgagees' words and conduct, at a time when his note and mortgage securing same were in default, were sufficient to waive the priority of his mortgage lien in favor of defendant's lien, particularly since he expressly consented to this work being done. See Kirkpatrick v. Oil Well Supply Co., 172 Okla. 248, 49 P. 2d 712; 8 C. J. S., Bailments, §35h.

Plaintiff acquired Fuller's mortgage (Oxford mortgage) after commencement of this action. The note secured by the mortgage showed upon its face that it was past due and unpaid. Therefore plaintiff took the assignment of the note and mortgage subject to all defenses which were available against the mortgagor.

The plaintiff next contends that defendant's lien for labor lapsed after 60 days, for the reason that defendant failed to perfect his lien claim within 60 days. It is plaintiff's theory that defendant's lien arose under 42 O. S. 1941 §131, which provides:

"Lien Provided for Work—Blacksmiths, wheelwrights and horseshoers who perform work and labor for any person, if unpaid for same, shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements and other articles repaired, or horses or other animals shod by them, for all sums of money due for such work or labor and for any material furnished by them and used in such product, repairs or shoeing. Laws 1913, ch. 82, p. 132, §1."

Following the quoted section is the further provision, contained in section 132, that, to perfect the lien allowed under section 131, the party seeking to avail himself of such provisions must

file a true account of the demand due with the district court clerk within 60 days following the time the work or labor is performed. Plaintiff points out that in Greer v. Bird, supra, it was held that repairs to automobiles are within contemplation of this section; and that defendant made no effort to satisfy the requirements for perfecting his lien, unless the filing of an answer to plaintiff's petition be so considered, in which event it would be inoperative because done 90 days after completion of the work.

Plaintiff relies upon our decision in Riggan v. Faulker, 184 Okla. 605, 89 P. 2d 311, wherein we held that under 42 O. S. 1941 §132, a specific lien was granted and the procedure for enforcement must be strictly followed or the lien thereby granted was lost. See Norton Johnson Buick Co. v. Lindley, 173 Okla. 93, 46 P. 2d 525.

It is pointed out in Greer v. Bird, supra, and reiterated in later cases, that the provisions of 42 O. S. 1941 §131 et seq., were specifically enacted to provide for the establishment and foreclosure of liens on automobiles and to provide a limitation upon the effect and application of the general statutes, and govern in cases coming within the express language of the provisions. However, it is nowhere pointed out that such provisions repealed 42 O. S. 1941 §91, which provides:

"Lien for Labor or Skill for Protection, Improvement, Safekeeping or Carriage. — Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service. R. L. 1910, §3852."

Neither are such cases to be construed as having destroyed the force of the statute which granted defendant a lien for his labor based solely upon his legal possession of this automobile.

Sections 131, 132, supra, only provide that one desiring to avail himself of the provisions of the act must do certain things within 60 days to extend the lien the statute grants him for his labor, or to protect his lien against subsequent purchasers or encumbrancers. It clearly is not the intention of these statutes to destroy the lien granted by one statute and force the workman to resort to the provisions of these sections to protect his claim, otherwise the earlier statute would have been repealed.

The theory relied upon by plaintiff and supported by the cited cases is inapplicable to the matter herein considered. Neither defendant's performance of the work nor his possession of the automobile was disputed. The record is clear that the only lien ever claimed by defendant was one based upon continued possession. No effort was made to perfect a lien of record, but defendant chose to rely upon his possession to protect his claim. Neither did defendant make any effort to foreclose such lien, hence no question arises concerning the manner by which this might have been done, or whether such an effort would have resulted in the loss of his lien. See Riggan v. Faulkner, supra.

The same reasoning applies here. Defendant only asserted the lien granted under section 91, supra. So long as the property legally remained in his possession this lien was in force. Plaintiff's rights depended either upon the original mortgage from Boxford to Fuller, or upon Boxford's mortgage executed in favor of plaintiff. The Fuller mortgage was assigned to plaintiff after same was in default and after the mortgagee had impliedly waived same. The Boxford mortgage showed upon its face to be inferior to plaintiff's claim. Defendant's lien was superior to any claim asserted by plaintiff, and the trial court correctly found plaintiff was not entitled to possession of the automobile at the time the action was filed.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, GIBSON, and LUTTRELL, JJ., concur.