UNITED TIRE & INVESTMENT CO.
v. MAXWELL.

No. 33608. Feb. 28, 1950.

*215 P. 2d 541.*

W. S. Myers, of Tulsa, for plaintiff in error.

John H. Poe, of Tulsa, for defendant in error.

JOHNSON, J. The parties in this action occupied the same relative positions in the trial court, and hereafter they will be referred to as plaintiff and defendant.

John W. Egan gave a chattel mortgage on an automobile to Risner's Used Cars, which was duly assigned to United Tire & Investment Company, a trust. The mortgage and assignment were duly recorded in Tulsa county, Okla., as required by law. Thereafter, said automobile was damaged in a wreck. At the request of the owner, John W. Egan, defendant H. L. Maxwell towed the wrecked automobile to his garage and stored it for some time. He retained possession of the automobile, claiming lien thereon for towing and storing same. The total bill claimed

was in the sum of $73.75. Plaintiff in a mortgage foreclosure action demanded possession of the automobile from defendant, which was refused. Plaintiff then began replevin.

The trial court overruled plaintiff's motion for judgment on the pleadings, and decreed that the unpaid charges for towage and storage of the automobile constituted a lien superior to plaintiff's recorded mortgage lien, and granted plaintiff judgment for possession of the automobile subject to the lien of the defendant acquired after the date of the filing of plaintiff's mortgage. From this judgment plaintiff appeals.

There is no dispute as to the facts.

It is contended by defendant that the judgment should be sustained. The plaintiff contends: (1) That the court erred in overruling plaintiff's motion for judgment in its favor on the pleadings; (2) that the court erred in decreeing that the defendant had a lien upon said automobile superior to the duly recorded chattel mortgage lien of plaintiff.

Obviously, no issue of fact was presented by the pleadings herein, but only an issue of law as to whether the plaintiff's recorded chattel mortgage lien on the automobile was subject to a lein of the defendant acquired after the date of the filing of said mortgage for towing and storage. This being so, when motion for judgment on the pleadings, being in the nature of a demurrer, was filed, it became the duty of the trial court to determine who was entitled to recover and render judgment accordingly. 41 Am. Jur., Pleadings, sec. 335; Hiebert v. Koenig, 192 Okla. 376, 138 P. 2d 534; Norman v. Scrivner-Stevens Co., 201 Okla. 218, 204 P. 2d 277, and cases cited therein.

Under the common law a garage keeper has no lien for towing a damaged automobile to his garage, 24 Am. Jur. 506, §54, and no lien for storage exists at common law in favor of a garage keeper; 24 Am. Jur. 507, §55, such liens being purely statutory. This court, in Norton Johnson Buick Co. v. Lindley, 173 Okla. 93, 46 P. 2d 525, following the rule announced in Greer v. Bird, 93 Okla. 246, 220 P. 579; Nettles v. Carson, 77 Okla. 219, 187 P. 799, and DeGroff v. Carhart, 97 Okla. 145, 223 P. 180, said, in substance, that where one is engaged in the automobile repair business and furnishes labor and material in the repair of an automobile for any person, a lien is created subject to all prior liens, by chapter 82, Laws 1913 (42 O. S. A. §§131, 132). This court, in Riggan v. Faulkner, 184 Okla. 605, 89 P. 2d 311, held that one who had a lien for storing under statute (42 O. S. A. §91 et seq.) providing for lien for labor or skill for protection, improvement, safekeeping or carriage, could not foreclose lien and sell an automobile under statute, secs. 131, 132, supra, dealing with lien for labor or materials for production, alteration or repair of personalty.

In Liberty Plan Co. v. Walker, 200 Okla. 655, 199 P. 2d 205, this court held that the special lien given under 42 O. S. A. §91, dependent upon legal and continued possession, was not destroyed by the subsequent statute, 42 O. S. A. §131, and that where the chattel mortgage holder advised the garageman that it was all right to make major repairs on the mortgaged automobile, the mortgagee waived priority of his mortgage lien in favor of the garageman.

No Oklahoma authority is cited and none has been found determinative of the question herein of priority of the lien given under 42 O. S. A. §91 as against the holder of a chattel mortgage.

Thus, under plaintiff's second contention, the question to be determined is, Did the court err in decreeing defendant to have a lien upon the automobile for towage and storage paramount to plaintiff's duly recorded mortgage?

42 O. S. A. §91 provides:

"Every person who, while lawfully in possession of an article of personal

property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service."

A special lien is defined in 42 O. S. A. §4 as follows:

"A special lien is one which the holder thereof can enforce only as a security for the performance of a particular act or obligation, and of such obligations as may be incidental thereto. Where the holder of a special lien is compelled to satisfy a prior lien for his own protection, he may enforce payment of the amount so paid by him, as a part of the claim for which his own lien exists."

We are aware of the conflict of authorities as to the priority of liens such as in this case, but we are impressed with the rule that the chattel mortgage is superior, being prior in point of time, and, therefore, in the absence of a statutory provision to the contrary, the priority is to be determined by the fundamental proposition that a lien which is first in time is first in right. 10 Am. Jur. 858, §217. A garage keeper does not have a prior lien for towing and storing an automobile at the request of the mortgagor, as against the claim of a bona fide holder of a recorded chattel mortgage, and it will not be presumed that an agreement exists between the mortgagor and mortgagee, so that the mortgage lien shall give way to subsequent garageman's lien for towage and storage charges, but such an agreement, if it exists, must be shown by clear and cogent evidence. There is no relationship of agency or otherwise that authorizes the mortgagor to create any liability on behalf of the mortgagee.

The judgment is reversed and the trial court is hereby directed to sustain the motion of plaintiff for judgment on the pleadings.