**COMMERCE ACCEPTANCE OF OKLA-HOMA CITY, INC., a corporation, Plaintiff in Error,**

v.

**Jerry PRESS, d/b/a Jerry's Automatic Transmissions, Defendant in Error.**

**No. 41242.**

Supreme Court of Oklahoma.

May 16, 1967.

Paul Washington, Oklahoma City, for plaintiff in error.

Bay, Hamilton & Renegar, by Arthur S. Bay, Oklahoma City, for defendant in error.

IRWIN, Vice Chief Justice:

Plaintiff in error, herein referred to as plaintiff, held a recorded chattel mortgage on a certain automobile. Plaintiff commenced an action in replevin to recover the automobile against defendant in error, herein referred to as defendant. Defendant defended the action on the grounds that his possessory lien for towing charges, repairs and storage for the automobile had priority over plaintiff's previously perfected security interest.

The cause was submitted upon stipulation and the trial court held defendant's possessory lien had priority over plaintiff's chattel mortgage and rendered judgment for the

plaintiff for possession of the automobile, subject however, to defendant's lien. Plaintiff appealed from the order overruling its motion for a new trial.

### ISSUE

When a garageman acquires a valid lien for towing, repairing and storing an automobile, and retains possession of it for the unpaid charges, does such lien have priority over a previously perfected security interest while the automobile is in the possession of the garageman?

### CONTENTIONS

Plaintiff contends that defendant's lien is controlled by Title 42 O.S.1961, §§ 131 and 132; that under the express provisions of Sec. 131, defendant's lien is "subject to all prior liens"; and that its previously perfected security interest takes priority over defendant's lien.

Defendant contends that his lien is controlled by Title 42 O.S.1961, § 91, since he retained possession of the automobile, and under the provisions of Title 12A O.S.1961, § 9–310, of the Uniform Commercial Code, his statutory lien takes priority over plaintiff's perfected security interest.

### CONCLUSIONS

Plaintiff prefected its security interest and defendant did the repair work and furnished the services after the effective date of the Oklahoma Uniform Commercial Code. And, it is not contended that the repair work and services performed by defendant did not protect, improve and safekeep the automobile in question.

The Uniform Commercial Code became effective on January 1, 1963; Sec. 91 was amended in 1955; Secs. 131 and 132, supra, were enacted in 1913; and the issue presented is one of first impression.

Sec. 9–310, of the Uniform Commercial Code, provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

Both parties agree that defendant had a statutory lien upon the automobile in question. Therefore, since defendant retained possession of the automobile, under the clear language of the above enactment, defendant's lien takes priority over plaintiff's perfected security interest unless the statute giving defendant his lien "expressly provides otherwise."

Prior to the amendment of Sec. 91, supra, in 1955, and the effective date of the Uniform Commercial Code, in Riggan v. Faulkner, 184 Okl. 605, 89 P.2d 311, we recognized that a possessory lien for storage could be acquired under the then existing provisions of Sec. 91, but there was no statute designating the remedy for enforcing a lien granted by that statute. The 1955 amendment of Sec. 91, inter alia, provides a remedy for the enforcement of liens established under its provisions.

In Liberty Plan Co. v. Walker, 200 Okl. 655, 199 P.2d 205, promulgated in 1943, we held:

"The lien granted under our general lien statute 42 O.S.1941 § 91, is based entirely upon legal and continued possession of the property upon which the labor is performed. A mechanic in legal possession of the property is not required to comply with the provisions of 42 O.S.1941, § 131 et seq., to protect himself against subsequent purchasers or encumbrancers, unless he desires to avail himself of the benefits of the specific liens statutes."

In the above case we recognized that a garageman would have a lien for labor performed on an automobile under Sec. 91, supra, while lawfully in possession of the automobile.

In United Tire & Investment Co. v. Maxwell, 202 Okl. 476, 215 P.2d 541, promulgated in 1950, we held that a garage keeper does not have a prior lien for towing and storing of an automobile as against the

claim of a bona fide holder of a recorded chattel mortgage. Our holding in that case was based upon the grounds that in the absence of a statutory provision to the contrary, the priority of liens is to be determined by the fundamental proposition that a lien which is first in time is first in right.

Sec. 9–310, of the Uniform Commercial Code, relates to the priority of liens. As previously stated, under the above provision, defendant's lien takes priority over plaintiff's perfected security interest unless the statute giving defendant his lien "expressly provides otherwise".

Title 42 O.S.1961 § 91, as amended in 1955, provides:

"Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, storage or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such services."

\*      \*      \*      \*      \*      \*

The remaining portions of the above section relate to the procedure for enforcing the lien. All the cases relied upon by plaintiff to sustain his contention that Secs. 131 and 132, supra, are controlling were promulgated prior to the amendment of Sec. 91, in 1955, and the effective date of the Uniform Commercial Code. We have examined the cases and they do not sustain the contention that defendant does not have a lien under Sec. 91, supra. We can only conclude and hold that since defendant retained possession of the automobile involved, he retained his lien under the provisions of Sec. 91, supra, for the towing, repairing and storage of the automobile.

Sec. 91, supra, contains no language concerning priorities of liens. Since defendant had a statutory lien and possession of the automobile, and the statute granting him such lien did not expressly provide that a previously perfected security interest would have priority or such lien was subject to all prior liens, under the provision of Sec. 9–310 of the Uniform Commercial Code, defendant's lien takes priority over plaintiff's perfected security interest.

Plaintiff contends that under the stipulation, defendant gained possession of the automobile for the sole purpose of repairing it and there was no stipulation that there was a contract for storage. Plaintiff argues that before any charge for storage can be had there must be a contract for such storage.

In defendant's amended answer he alleged the owner of the automobile agreed to pay him for the repairs and storage. The trial court found that defendant stored the automobile at the request of the owner. Although there was no stipulation that there was a contract for storage, in view of the record presented, we can not conclude that the trial court erred in granting a lien for storage.

Judgment affirmed.

All the Justices concur.