In the Matter of the ESTATE of Robert W. VIA, an Incompetent and Physically Impaired Person.

CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, L. P. Goode and M. E. Bross, Plaintiffs in Error,

v.

Robert W. VIA, an Incompetent, and Ernest V. Keith, Guardian of Robert W. Via, an Incompetent, Defendants in Error.

No. 36889.

Supreme Court of Oklahoma.

March 27, 1956.

Loyd Benefield, Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiffs in error.

Rollie D. Thedford, Oklahoma City, James E. Driscoll, Seminole, Mike Tapp, Oklahoma City, for defendants in error.

PER CURIAM.

This appeal is from an order of the District Court of Seminole County sustaining the demurrer to defendants in error, hereinafter referred to as guardians, to the motion to dismiss the order appointing guardians, filed by plaintiffs in error, hereinafter referred to as movants.

Briefly stated, the facts are as follows: Robert W. Via, an employee of Chicago, Rock Island Railroad Company, sustained an accidental personal injury on March 4, 1953. A full settlement was reached between Via and said company and Via executed his full release of the company from any further liability. Approximately ten months after execution of said release the county court of Seminole County, upon the petition of the wife of Via adjudged him to be an incompetent person and appointed his said wife as guardian of his person and estate. On June 17, 1954, one Ernest V. Keith was substituted as guardian for said incompetent, and on said date was authorized by the county court to bring an action on behalf of said incompetent against movants to recover damages growing out of the March 4th accident to Via. On June 28, 1954, such action was instituted in the Superior Court of Seminole County. On August 6, 1954, movants filed in the county court their motion to set aside the appointments of said guardians. On October 8, 1954, the county court entered its order denying the motion. Appeal was perfected from said order to the District Court of Seminole County and on January 11, 1955, after hearing was had, the District Court entered its order sustaining guardians' demurrer to movants motion to dismiss the order appointing guardians.

It is contended by plaintiffs in error that the county court's order appointing Rubye Via as guardian of Robert W. Via, and the order appointing Ernest V. Keith as her successor, is void for the reason that said court did not have jurisdiction to enter such orders. This contention is predicated upon their argument that 58 O.S.1951 §§ 851 through 855, had been repealed by H. B. 846, Section 193, page 176, Session Laws of Oklahoma 1953, 43A O.S.Supp. § 1 note, and therefore there was in existence at the time of the order neither a section of the Constitution of Oklahoma, nor other statutes granting authority for a county court to appoint a guardian for an incompetent. We do not agree to this for the reason that in our opinion 58 O.S.1951 §§ 851 through 855 were not repealed by the Mental Health Act of 1953, which was House Bill No. 846, Session Laws 1953, page 152. Section 193 of that Act is as follows:

"Modification and Repealing Clause. 43A Oklahoma Statutes 1951, Sections 1 through 41, Sections 102 through 111, Sections 151 through 156, Sections 201 through 225, Sections 251 through 261, Sections 301, 311, 321, 331, and 361, and 58 Oklahoma Statutes 1951 Sections 851 through 855, inclusive, and all other Acts or parts of Acts which are in conflict with or inconsistent with the provisions of this Act are hereby modified or repealed as may be necessary to make this Act effective."

It has not been pointed out to us or do we find that Sections 851 through 855 of 58 O.S.1951 are in conflict or inconsistent with the Mental Health Act of 1953. The Sections in question have been neither modified nor repealed for they in no way interfere with the effectiveness of the new Act. See 82 C.J.S., Statutes §§ 285, 291.

The judgment of the trial court in sustaining the demurrer is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED and approved by Commissioners JAMES H. NEASE and J. W. CRAWFORD, the cause was assigned to a

Justice of this Court for examination and report to the court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.