DEDUCTIONS FOR FIREMEN'S RELIEF AND PENSION FUND The previously enacted provision of 11 O.S. 373 [11-373] (1974) authorizing the deduction of two percent (2%) of the annual salary of the members of their fire departments for payment into the fund by those cities and towns desiring to participate in the Firemen's Relief and Pension Fund Program is repealed by the provisions of Section 373b requiring each city and town having a fire department with paid employees to deduct a minimum of four percent (4%) of such employee's monthly wages pursuant to the graduated scale set forth in subsection B of the statute. The Attorney General has received your request for an opinion where you, in effect, ask the following question: Do the provisions of 11 O.S. 373 [11-373](B) (1974) mandating that each city or town having a paid member of a fire department enact an ordinance authorizing the monthly deduction of four percent (4%) of the monthly wages of each of the firemen in the city or town repeal by implication or otherwise affect the provision of 11 O.S. 373 [11-373] (1974) allowing cities and towns to enact an ordinance authorizing the deduction of up to two percent (2%) of the annual salary of a member of their fire departments for eventual deposit in the Firemen's Relief and Pension Fund? Title 11 O.S. 373 [11-373] (1974) as amended by Ch. 5, 7 of the Oklahoma Session Laws of 1974, was approved on March 19, 1974, with the emergency clause and with an operative date of January 1, 1975. This statute reads in pertinent part as follows: "Cities and towns may enact an ordinance authorizing the treasurer of such city or town to deduct from the salary or wages of each member of the fire department of such city or town, an amount equal to two percent (2%) of the annual salary or compensation paid to such member or members of such fire department, and when such amount is so deducted the same shall be, by the treasurer of such city or town, deposited in 'The Firemen's Relief and Pension Fund' of the fire department of such city or town, and before such city or town or the fire department thereof shall be entitled to the funds hereinafter provided to be allocated thereto by the Insurance Commissioner of the State of Oklahoma, such ordinance shall be so enacted and such contributions from said members of such fire department of such city or town shall be made to said 'The Firemen's Relief and Pension Fund.' " Title 11 O.S. 373b [11-373b] (1974) was added by Ch. 109, 1, of the 1974 Session Laws and was approved on May 1, 1974, with the emergency clause, and likewise has an operative date of January 1, 1975, and reads in pertinent part as follows: "A. Each city or town having a paid member of a fire department shall enact an ordinance authorizing the treasurer of such city or town to deduct monthly from the salary or wages of each member of the fire department of such city or town an amount equal to four percent (4%) of the monthly salary or wages paid to such member of the fire department. The four percent (4%) deduction shall be considered the minimum deduction. The members of a fire department, by a majority vote of its paid members, may vote to increase the amount of the deduction. The treasurer of each city or town shall deduct the authorized increase in deductions from the salary or wages of each paid member of the fire department. The treasurer of the city or town shall deposit monthly in 'The Firemen's Relief and Pension Fund' of the city or town the amount deducted from the salary or wages of each member of the fire department." This statute was introduced as Senate Bill No. 482, which was adopted by the Second Regular Session of the Thirty-fourth Legislature. Section 3 of the bill, as adopted, consisted of a repealer reading: "All laws or parts of laws in conflict herewith are hereby repealed." As 373b is the latter enacted statute, the question thus becomes whether or not its provisions regarding the authorized deduction are so in conflict with the provisions of 11 O.S. 373 [11-373] as to bring into effect the repealer section. We find that they are. A cardinal rule of statutory construction is that a statute containing a repealing clause repeals all existing acts or parts of acts insofar as they conflict with the latter enacted statute. Anderson Hotels of Oklahoma v. Baker, 190 F.2d 741, certiorari denied,72 S.Ct. 111, 342 U.S. 869, 96 L.Ed. 654; Nettles v. Carson,77 Okl. 219, 187 P. 799; Greer v. Bird, 93 Okl. 221,220 P. 579. It should be noted that only those parts of 373 which are clearly inconsistent with the provisions of 373b are repealed. In this regard see In re Via's Estate,295 P.2d 779. It is, therefore, the opinion of the Attorney General that the previously enacted provision of Section 11 O.S. 373 [11-373] authorizing the deduction of two percent (2%) of the annual salary of the members of their fire departments for payment into the fund by those cities and towns desiring to participate in the Firemen's Relief and Pension Fund Program is repealed by the provisions of Section 373b requiring each city and town having a fire department with paid employees to deduct a minimum of four percent (4%) of such employee's monthly wages pursuant to the graduated scale set forth in subsection B of the statute. (James R. Barnett)